# Loucks's Estate.

*Wills—Condition subsequent—Contingent remainder—Life estate.*

Testator by his will devised a life estate in a house to his widow charged with an easement of occupation of two rooms by his invalid daughter S. By a codicil he further devised, after his widow's life estate, a remainder to his son A., and his daughter E. for their joint lives, and to the survivor for life, on condition that they "keep my invalid daughter S. with them as long as she lives." After the death of the survivor of the remaindermen, the codicil created a remainder to his children, and in default of children to the testator's heirs according to the intestate laws. S. died during

the widow's lifetime. After the widow's death, A. and E. filed a petition in the orphans' court for the sale of the house, alleging that the property was unproductive and burdensome. *Held*, (1) That the remainder in A. and E. vested at once on the death of the testator; (2) that the care of the invalid daughter was a condition subsequent; (3) that the fact that the performance of the condition became impossible by the death of S. during the widow's life, did not divest the estate of the remainder-men; (4) that the codicil created a contingent remainder in the children of the survivor; (5) that A. and E. had a standing to petition for a sale of the property; (6) that a sale was proper and authorized by the act of April 18, 1853.

Argued May 21, 1902. Appeal, No. 129, Jan. T., 1902, by Anna Mary Myers et al., from decree of O. C. York Co., directing sale of real estate in the estate of Daniel Loucks. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for sale of real estate.

From the record it appeared that Daniel Loucks died on April 16, 1875, leaving to survive him a widow, Eliza Loucks, and children, Anna Mary Myers, Susan Hiestand, Sarah Loucks, Amanda Loucks (now Herman), Albert Loucks, Eliza Loucks (now Stough), and two grandchildren, William H. Miller and Maggie Miller.

In his will dated February 27, 1873, the testator devised the real estate now in controversy to his wife during her widowhood or life, with remainder equally to his six children and two grandchildren, the latter taking one share. The share of his "invalid daughter Sarah" in his estate was put in trust, the income to be paid to her for life, with remainder to his other children and grandchildren. He also provided: "And further I also order and direct that my invalid daughter Sarah shall have her home with my wife on the same premises" (now in dispute) "bequeathed to her, my said wife, during her natural life or widowhood and that said Sarah to have the same two rooms she now occupies at the date of this will."

By a codicil dated March 5, 1875, he directed as follows:

"Whereas in my said will I have given and bequeathed to my wife Eliza (Item first of said will), during her natural life or so long as she shall remain my widow and bear my name, the use, occupation and benefit of my two-storied brick dwelling house . . . . and also a part of my said two-storied brick house to

my invalid daughter Sarah, also more fully expressed in said will.

"I do hereby declare that my will is, that my son Albert Loucks, and my daughter Eliza Loucks, shall have their home with my widow and invalid daughter on the aforesaid premises as long as they live, and after the death or intermarriage of my widow, my said son Albert, and my said daughter Eliza, or either of them that survives the other shall have the use, benefit and occupation of said real estate during their natural life or lives on condition that they keep my invalid daughter Sarah with them so long as she lives. After the death of my aforesaid three children, the children of the last one dying shall have the aforesaid property absolutely, to be divided amongst them in equal shares. Should it be that the last one dying should have no children to heir, then and in such case I will that the aforesaid property shall be disposed of according to the intestate laws of this commonwealth."

The testator's daughter Sarah died November 28, 1884, and his widow, February 28, 1891.

Albert Loucks and Eliza Stough presented their petition to the orphans' court, alleging that the real estate mentioned in the codicil was unproductive, in bad repair and burdensome, and that a sale thereof would enure to the benefit of the remainder-men and those having future or contingent interests therein. The other children and certain of the grandchildren of the decedent filed an answer, denying the standing of the petitioners to present the petition, and alleging that the devise in the codicil was null and void, and that the real estate therein mentioned passed under the residuary clause of the will. The court in an opinion by STEWART, J., entered a decree ordering the sale.

*Error assigned* was the decree of the court.

*E. W. Spangler*, for appellants.—A condition which involves anything in the nature of a consideration is in general a condition precedent: Finlay v. King, 3 Peters, 346; 2 Jarman on Wills (5th Am. ed.), 509, 510; 2 Redfield on Wills, 262; Doe v. Scudamore, 2 Bos. & Pull. 289; Stover's App., 77 Pa. 282; Ely v. Ely, 20 N. J. Eq. 43; Reynolds v. Denman, 20 N. J. Eq.

218; Knight v. Cameron, 14 Vesey, Jr. 389; Kirkland v. Narramore, 105 Mass. 31; Gilliland v. Hutchman, 63 Pa. 393.

In regard to estates over where the first estate depends upon a condition precedent, which for any reason fails to be performed, so that the estate never vests, it seems to be considered that the estate over will fail also, as being dependent upon that of the first donee: 2 Redfield on Wills, 264; Wead v. Gray, 78 Mo. 59; Finley v. Bent, 95 N. Y. 364; Kelley v. Meins, 135 Mass. 231; Gilliland v. Hutchman, 63 Pa. 393.

*N. M. Wanner*, for appellees, was not heard.

OPINION BY MR. JUSTICE MITCHELL, June 4, 1902:

The testator by his will devised a life estate in the house in controversy, to his widow, charged with an easement of occupation of two rooms, etc., by his invalid daughter Sarah. By the codicil he further devised after his widow's life estate a remainder to his son Albert and his daughter Eliza for their joint lives and to the survivor for life, on condition that they "keep my invalid daughter Sarah with them as long as she lives." This remainder vested at once on the death of the testator. Nothing was incumbent on the remainder-men to do until the death of the widow. The care of the invalid daughter was a condition subsequent, and the fact that its performance became impossible, by the death of Sarah during the widow's life, did not divest the estate of the remainder-men. They took the estate cum onere, and the burden might last for years, or might never be actually incurred. This was a mere contingency, incident to the nature of the condition and did not affect the validity or the duration of the estate.

After the death of the survivor of the remainder-men the codicil created a remainder to his children, and, in default of children, to the testator's heirs according to the intestate laws. This was a contingent remainder, and the court having found that the property was unproductive and burdensome, the case was within the provisions of the act of 1853 authorizing a sale.

Decree affirmed.