## Baker's Estate.

*Wills—Construction—Remainders—Time of vesting—Death of testator— Death of life-tenant.*

1. Where there is a devise or bequest to one for life, with remainder to those who answer a certain description, the persons entitled to take the remainder are those who answer the description at the time of the death of the testator.

2. Where a testator devises real estate to his four children for life and directs that "upon the decease of my said children or any one of them the principal of the one-fourth share of the decedent shall vest in his or her child or children in fee or in default of children shall vest as is provided in the intestate laws of Pennsylvania," the person or persons entitled to take such one-fourth interest are to be ascertained as of the death of the testator.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1897, No. 163.

*R. M. Remick* (of *Saul, Ewing, Remick & Saul*), for exceptants.

*F. K. Swartley,* contra.

VAN DUSEN, J., Nov. 5, 1926.—Testator gave his residuary estate to his children, equally, for their respective lives, "And upon the decease of my said children or any of them the principal of the one-fourth share of the decedent shall vest in his or her child or children in fee or in default of children shall vest as is provided in the intestate laws of Pennsylvania."

The general rule is well stated by the Auditing Judge in the present case in his adjudication in Bonsall's Estate, in which the opinion of the court *in banc*, reported 7 D. & C. 421, agreed with him on this point, though differing as to the application of the Act of 1923.

"It is well settled by a long line of decisions in this State that where there is a devise or bequest to one for life, with remainder to those who answer a certain description, the persons entitled to take the remainder estate are those who answer to the description at the time of the death of testator. Even if the life-tenant or *cestui que trust* comes within the description, or is the only one to whom the description fits, the rule is applied: See Stewart's. Estate, 147 Pa. 383; Buzby's Estate, 61 Pa. 111; Tatham's Estate, 250 Pa. 269; and this rule applies not only to vested, but also to contingent remainders. In Tatham's Estate, *supra,* for example, the gift was, as in this case, dependent upon the life-tenant dying without leaving issue to survive her, but the rule was applied. The will must contain convincing evidence of a contrary intent before a different rule can be applied."

In the present case the Auditing Judge held that as the gift under the intestate laws was contingent on default of children, the persons entitled thereunder could not be ascertained until such contingency was determined at the end of the life estate; and he, therefore, thought that this will showed an intention contrary to the general rule.

But he dealt with this point so well in Bonsall's Estate that we quote further: "But for the sake of argument, let us assume that the word 'then' was used in an adverbial sense, and that the word 'vest' has reference to the vesting of the title to the *corpus*. It by no means follows that the title, when it does vest, must vest in living persons. The remainder in the instant case, like the one in Tatham's Estate, 250 Pa. 269, was a contingent one. See Loucks's Estate, 203 Pa. 278. In Tatham's Estate, *supra,* when the contingency happened, the estate did not vest in living persons, as both of the sons were dead at that time, but vested in the personal representatives. In the opinion of the Auditing Judge, to define the time of vesting does not help in the construction of the words 'my lineal descendants,' and taking everything

into consideration, he is of the opinion that the right to take an estate vested in his lineal descendants as of the time of his death, and that it was a transmissible one: See Packer's Estate (No. 2), 246 Pa. 116."

Stress was laid in argument on the words "shall vest," but they, at most, only mark the contingency and tell us nothing as to the nature of it. The word "vest" does not necessarily have a contingent sense, but may only mean "payable," or "take effect in possession," as noted further in that adjudication, and in Phillips's Estate (No. 1), 205 Pa. 505, and in Stocker's Estate, 260 Pa. 385. It is immaterial which sense the word bears in this will, as the real question is as to the nature of the contingency. The contingency is the default of children, and there is no implied contingency that the beneficiaries shall survive to the time of taking possession. There is nothing in this will, therefore, to indicate the contrary of the general rule.

The exceptions are sustained and distribution is awarded in accordance with this opinion.

THOMPSON, J., did not sit.