## JOHN REINOEHL v. W. H. SHIRK, ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 15, 1888—Decided February 27, 1888.

1. Standing alone, the words of a will, " die without leaving lawful is-sue," and other like expressions, import an indefinite failure of issue, and not a failure of issue at the death of the first taker.
2. In the absence of language in the will making apparent a different meaning intended by the use of such words connected with a devise over, they create an estate-tail in the first taker, enlarged to a fee simple by the act of April 27, 1855, P. L. 368.
3. After a devise to William H. and Mary, children of a deceased son Lorenzo, the testator directed that "under no circumstances shall the late divorced wife of Lorenzo have any part or portion of my estate ": Held, that the clause furnished no sufficient evidence of an intent to qualify the effect of the language of the devise.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 240 January Term 1888, Sup. Ct.; court below, No. 25 September Term 1887, C. P.

On June 25, 1887, William S. Shirk and Mary S. Bodenhorn with her husband J. J. Bodenhorn, brought assumpsit against John Reinoehl. A case stated for the opinion of the court in the nature of a special verdict, was subsequently agreed upon by the parties, which was as follows:

That William Shirk, late of the city of Lebanon, county of Lebanon, Penna., died on or about April 24, 1876, seized in his demesne as of fee of and in a certain house and lot of ground situate in the said city of Lebanon aforesaid, bounded and described as follows, to wit: . . . . . having first made his last will and testament in writing, which said will was duly probated after the decease of the said William Shirk, to wit: on May 30, 1876, and remains on record, in the office of the register of wills, etc., wherein and whereby, he did bequeath and devise the same unto the said William H. Shirk and Mary Shirk, (now intermarried to Jerome Bodenhorn,) the plaintiffs above named; said last will and testament, being hereby made a part of the case stated as if it were fully and entirely set out herein. That on April 5, 1887, the said William H. Shirk and Mary Shirk, intermarried with Jerome Bodenhorn, (the said Jerome joining therein) entered into articles of agreement with John Reinoehl, the said defendant, for the sale of said house and lot of ground in said will mentioned, and above fully described, stipulating to grant, convey and assure unto the said defendant, said house and lot of ground, on or before April 9, 1887, which said agreement is also hereby made part of this case stated, and to be considered as though fully set out herein. That on April 9, 1887, the said plaintiffs, executed a deed for said premises and tendered the same to the said defendant, who refused to accept the same, and refused and still does refuse to pay the amount of the purchase money agreed upon in said articles of agreement, to wit: $5,000, alleging that the said plaintiffs could not convey a title in fee simple, for the said house and lot of ground. That Susan Shirk, who is mentioned in said last will and testament, died

on May 30, 1879, and that the divorced wife of Lorenzo Shirk is living.

If the court be of the opinion that the said plaintiffs can convey and assure unto the said defendant, a title to said premises in fee simple, then judgment to be entered for the said plaintiff in the sum of $2,800 dollars, being the amount of said purchase money less incumbrances on said premises, but if the court be not of that opinion then judgment to be entered for the defendant, costs to follow judgment ; either party reserving the right to sue out a writ of error therein.

The provisions of the will of William Shirk, deceased, most frequently adverted to by the contending parties, are the following :

Item. (1) I give and bequeath and devise unto William H. Shirk and Mary Shirk, the children of my deceased son Lorenzo, and their lawful issue, all that certain [the premises described in said contract], subject, however, to the following uses, terms, conditions and limitations. The said premises shall be leased away by hereinafter named executors for the best and highest rent that can be obtained therefor during the lifetime of my daughter Susan. The rent to be derived therefrom, after paying taxes and the expenses incident to keeping up repairs, shall be paid annually to my said daughter Susan and during her lifetime and after her decease, and then and then only shall possession thereof be taken by my said two grandchildren, the children of my deceased son Lorenzo or their lawful issue, subject however to the limitations and restrictions hereinafter mentioned, they to take and hold the same as tenants in common, and for which, in the distribution of my estate, I order and direct that they be charged the sum of four thousand dollars.

Item. (7) I further order and direct that in case either of my grandchildren, the children of my son Lorenzo, dec'd, shall die without leaving lawful issue, then and in that case, the share of the said child shall go to the survivor ; and in case both of the said children should die without leaving lawful issue then it is my will and I order and direct that the real estate, hereinbefore devised to them as tenants in common, as well as the one fifth part of my residuary estate shall go and I

hereby devise and bequeath the same to my four remaining children.    The respective shares so acquired shall be held under and subject to the same uses, conditions, limitations and restrictions as the estates which I have hereinbefore devised and bequeathed to them respectively; it being my express will and I hereby order and direct that under no circumstances shall the late divorced wife of my deceased son Lorenzo have any part or portion of my estate and effects, whether real, personal or mixed.

Other illustrative portions of this will are quoted in the opinion.

On argument, the court, McPHERSON, J., filed the following opinion and decree :

· This question seems to be ruled by Eichelberger v. Barnitz, 9 W. 447, and Lawrence v. Lawrence, 105 Pa. 335.

We direct judgment to be entered in favor of the plaintiffs for twenty-eight hundred dollars.

Judgment being entered, the defendant took this writ, assigning the said order as error.

*Mr. Grant Weidman,* for the plaintiff in error :

1. The defendant, the purchaser of the premises devised, is entitled not only to a good title, but to an indubitable one: Swayne v. Lyon, 67 Pa. 436; Ludwick v. Huntzinger, 5 W. & S. 51; Speakman v. Forepaugh, 44 Pa. 363; Bumberger v. Clippinger, 5 W. & S. 311.    And all mere technical rules of construction must give way to the plainly expressed intention of the testator, if that intention is lawful: Reck's App., 78 Pa. 435.

2. The determination of the case against us, on the authority of Eichelberger v. Barnitz, 9 W. 335, leaves out of view entirely the last clause of the seventh item of the will, referring to the divorced wife of Lorenzo, the mother of the plaintiffs, who was living at the date of the will and is living now.    The effect of this clause is to limit the words, "without lawful issue," to a definite failure of issue, issue living at the death of the children: Ingersoll's App., 86 Pa. 240; Taylor v. Taylor, 63 Pa. 481; Nicholson v. Bettle, 57 Pa. 384; Eby v. Eby,

5 Pa. 461; Hill v. Hill, 71 Pa. 173; Leightner v. Leightner, 87 Pa. 144; McGunnigle v. McKee, 77 Pa. 81; Berg v. Anderson, 72 Pa. 87.

*Mr. George B. Schock* (with him *Mr. Thomas H. Capp*), for the defendants in error:

1. The language of the seventh item, under Eichelberger v. Barnitz, 9 W. 447, vests the title in the plaintiffs in fee.    The rule of that case is, now, not a technical rule of construction merely, but a settled rule of property: Lawrence v Lawrence, 105 Pa. 335; Kay v. Scates, 37 Pa. 31, 39; Gast v. Baer, 62 Pa. 35.

2. Nor can the subsequent clause, that "the divorced wife of my deceased son Lorenzo shall under no circumstances have any part or portion of my estate and effects," change this construction; as it does not expressly or by implication limit to a particular period the time at which the devise over is to take effect.   It is only when a devise over on default of lawful issue is connected with other words of the testator, naturally meaning descendants of the first generation and other issue representing children by the statutes of distribution, that the word "leave" would be adequate to restrict the estate to a definite failure of issue: 3 Jarman 299; Anshutz v. Miller. 81 Pa. 212.

OPINION, MR. JUSTICE STERRETT:

Subject to certain "uses, terms, conditions, and limitations," during the lifetime of his daughter Susan, and for her benefit, the testator, William Shirk, devised the lot in question to William H. and Mary Shirk, two of the defendants in error, children of his "deceased son Lorenzo and their lawful issue;" and, in same connection, directed that, upon the decease of his said daughter Susan, "and then only, shall the possession thereof be taken by my said two grandchildren . . . . . or their lawful issue, subject, however, to the limitations and restrictions hereinafter mentioned, they to take and hold the same as tenants in common, and for which, in the distribution of my estate, I order and direct that they be charged the sum of four thousand dollars."

In the seventh item of his will, he also gives one fifth of his residuary estate to the same two grandchildren "and to their

lawful issue, first deducting therefrom the sum of four thousand dollars, which I have charged them for the real estate devised to them." Again, in the next succeeding item he provides as follows: " I further order and direct that in case either of my grandchildren, the children of my son Lorenzo, deceased, shall die without leaving lawful issue, then and in that case the share of the said child shall go to the survivor; and in case both of the said children should die without leaving lawful issue, then it is my will and I order and direct that the real estate hereinbefore devised to them as tenants in common, as well as the one fifth part of my residuary estate, shall go, and I hereby devise and bequeath the same to my four remaining children."

The testator evidently used the words "lawful issue" and " die without leaving lawful issue" understandingly, because in other items where he intended to give a fee, or a life estate with remainder in fee, or to create a trust, etc., he used apt words for the purpose. For example, in the third item he devises a house and lot to his son Lewis "for and during his lifetime, and at and immediately after his death, I give and devise the same unto the children of my said son Lewis C., their heirs and assigns forever as tenants in common;" and in the fourth item he devises a house and lot to his "son Samuel Shirk, and to his heirs and assigns forever."

The word "issue" in a will is to be construed either as a word of limitation or of purchase as will best effectuate the intention of the testator gathered from the entire instrument. Prima facie, however, the word means "heirs of the body," and is to be construed as a word of limitation and not of purchase, unless there be something on the face of the will to show it was intended to have a less extended meaning, and to be applied to children only, or to a particular class, or at a particular time. Standing alone, therefore, the words "die without leaving issue" and other expressions of the same import mean an indefinite failure of issue: Taylor v. Taylor, 63 Pa. 481; Middleswarth's Adm. v. Blackmore, 74 Idem 414. At common law, in the absence of words making a different intent apparent, the established interpretation of such expressions in a will is that they import a general indefinite failure of issue, and not a failure at the death of the first taker; and such has undoubt-

edly been the rule in this state since Eichelberger v. Barnitz, 9 W. 447.   In that case the testator directed that if his son Henry "should die without leaving any lawful issue, that then his full share should go to his brothers and sisters," and it was held that Henry took a fee-tail.   Some of the later cases in which the rule is recognized are Lawrence v. Lawrence, 105 Pa. 335; Carroll v. Burns, 108 Idem 386, and Cockins's Appeal, 111 Idem 26.

In the absence of any evidence of intention to use the words "die without leaving lawful issue" in any other than their well established meaning, it is reasonable to assume that testator intended they should be so construed.   If so, he created an estate, which according to all the authorities would have been an estate-tail prior to the act of April 27, 1855, but which under its operation is converted into a fee simple.   Indeed it is conceded there is nothing in the will to qualify or limit the meaning of the words in question, unless it be the ·clause wherein the testator says: "It being my express will, and I hereby order and direct that under no circumstances shall the late divorced wife of my deceased son Lorenzo have any part or portion of my estate and effects, whether real, personal, or mixed."

Whether this clause was inserted by the testator merely out of abundance of caution, or to manifest antipathy to the divorced wife of his deceased son, or from whatever cause, it furnishes no sufficient evidence of intention to restrict or qualify the language of the devise under consideration.

Judgment affirmed.