# Packer's Estate (No. 2).

*Wills—Vested and contingent remainders—Gift to class construction—Intention.*

1. In order properly to determine the nature of the estate or interest possessed by remaindermen, the actual intent of the testator must first be discovered if possible, and if the will makes that reasonably clear, it is not necessary to resort to technical rules of construction.

2. Where a bequest following a prior limitation is given to a class strictly as such, unless a contrary intent is plain the estate vests in interest, and the members of the class are to be ascertained as of the date of the death of the testator.

3. The law leans in favor of vested rather than contingent estates and will not suffer the inheritance to be in abeyance if by any reasonable construction of the will this can be avoided. Where a future estate is limited to ascertain persons in being subject to a prior gift to others unborn or unascertained who may never come into existence, the estate so vested is subject to be divested.

4. A legacy will be held contingent or vested as time is annexed to the gift or only to the payment of it, and that the interests of a primary and secondary legatee may vest, quodam modo, at one and the same time so that if the secondary legatee die before the occurrence of the event which would entitle him to receive the legacy, it becomes payable to his personal representative. The question whether or not a testator intended that the secondary legatee should survive the actual time of payment in order to possess a vested or transmissible interest is not to be judged by the mere form of expression employed in the language of the gift but by the whole scheme of the will.

5. The word, "issue," in a will, prima facie, means heirs of the body and is generally a word of limitation.

*Bankruptcy—Trustees—Assignments—Property passing by assignment—Future interests created by will—Transmissibility.*

6. The bankruptcy act provides that all property which the bankrupt could have by any means transferred or which could have been levied on or sold under judicial process against him shall pass to his trustee in bankruptcy; transferability is the broad test of the trustee's title and can not be reduced to any uniform rule since it depends upon the law of the jurisdiction in which the property is located.

1914.]                                    Syllabus.

7. An executory limitation not vested in interest at the time of sale may be transferred by an assignment even at law and, consequently, it can be sold by execution. The only mere possibility that may not be so transferred is the bare hope of succession to the property of another such as may be entertained by an heir apparent.

8. A testator leaving to survive him three children and the children of a deceased daughter, left his estate upon certain trusts, directed the payment by the trustees of certain bequests to individuals and charities, and provided that whatever property might be in the hands of his trustees not otherwise disposed of on the termination of the trust, should be paid over, "transferred and delivered" to the descendants of the three children, and in case there should be no one descendant of the said three children then living, the property should be divided into three parts, and that one thereof "shall go to the children of my (deceased) daughter" . . . . . . and their issue, one thereof to my nieces and nephews heretofore mentioned, and the remaining part shall go to certain charitable institutions. Testator's three children died without issue and the trust was terminated. Two of the children of testator's deceased daughter died, their mother having predeceased them before the making of the will; and although alive at the death of the testator, all the nephews and nieces mentioned in the will were dead when the last of testator's three children died. During the continuance of the life estate of testator's three children, testator's only surviving grandchild transferred to his trustee in bankruptcy "all the right, title and interest, present and future, vested or contingent" which the transferor "now has or may have under and by virtue of the provisions of the last will and testament of Asa Packer, deceased." After the death of the last of the three life tenants, such grandchild contended that the bequests to the children of testator's deceased daughter and their issue was a contingent remainder which did not vest until the termination of the trust estate and was not transferable by him, and that then the whole interest vested in him as the sole survivor of a class; that the interest of the nephews and nieces was contingent and that as they all died during the preceding life estates, one-half of the interest bequeathed to them passed to him. The auditing judge disallowed the claim on the ground that the interest of such grandchild and testator's nephews and nieces vested at testator's death, subject to be divested by the birth of issue to the testator's children, and that the interest of the grandchild had been transferred to his trustee in bankruptcy. *Held*, the court in banc did not err in dismissing exceptions to the adjudication.

Argued April 3, 1914.  Appeal, No. 130, Jan. T., 1914, by Garrett B. Linderman, Jr., from decree of O. C., Philadelphia Co., April T., 1881, No. 323, dismissing exceptions to adjudication in estate of Asa Packer, deceased.  Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Exceptions to adjudication.  Before GUMMEY, J.

The facts appear in Packer's Est. (No. 1), 246 Pa. 97, and in the opinion of the Supreme Court.

The court in banc dismissed the exceptions in an opinion by ANDERSON, J., Garrett B. Linderman, Jr., appealed.

*Errors assigned* were in dismissing the exceptions.

*Robert P. Honeyman,* of the New York Bar, with him *Charles Biddle,* for appellant.—The interests of the children of Lucy E. Linderman and their issue did not vest upon the death of the life tenant but only as an alternative or a substitute gift upon a definite failure of issue at a period of twenty-one years subsequent to the termination of the life estate: McFillin's Est., 235 Pa. 175; Provenchere's App., 67 Pa. 463; Safe Deposit & Trust Co. v. Wood, 201 Pa. 420; McClure's App., 72 Pa. 414, Page 417; Smith v. Edwards, 88 N. Y. 92; Crane's Case, 164 N. Y. 71; Salter v. Drowne, 205 N. Y. 204; Stewart v. Neely, 139 Pa. 309; Watson v. Hayes, 46 Eng. Chan. R. (5 Mylne & Craig) 114; Hale v. Hobson, 167 Mass. 397; Buzby's App., 61 Pa. 111; Welch v. Brimmer, 169 Mass. 204.

The gift to the children of Lucy E. Linderman and their issue disclosed the testator's intention to vest a fee simple in the children of Lucy E. Linderman as a class: Sheeley v. Neidhammer, 182 Pa. 163; Shapely v. Diehl, 203 Pa. 566; Potts's App., 30 Pa. 168; Stayman v. Paxson, 221 Pa. 446; Chambers v. Union Trust Co., 235 Pa. 610.

The survivor of the class is entitled to the whole interest: Denlinger's Est., 170 Pa. 104; Harrison's Est., 202 Pa. 331; Page's Est., 227 Pa. 288; Cascaden's Est., 153 Pa. 170; Hale v. Hobson, 167 Mass. 397.

The interest of Garrett B. Linderman was not transferable or assignable: Patterson v. Caldwell, 124 Pa. 455; Robbin's Est., 199 Pa. 500; In re Wetmore, 4 Am. Bankcy. R. 335; King v. Withers, 3 P. Wms. 414; Chauncey v. Graydon, 2 Atk. 616; Devisme v. Mollo, 1 Bro. C. C. 538; Barnes v. Allen, 1 Bro. C. C. 182; Cascaden's Est., 153 Pa. 170; Page's Est., 227 Pa. 288; Basset v. Hawk, 118 Pa. 94; Lennig's Est., 182 Pa. 485; In re Wood, 4 Am. Bankcy. R. 335, (102 Fed. Repr. 290); In re Twaddel, 6 Am. Bankcy. R. 539; Hosseltine v. Prince, 2 Am. Bankcy. R. 600; In re Wetmore, 108 Fed. Repr. 520.

The gift of one-third to be paid directly to the nephews and nieces lapsed: Sharpless Est., 214 Pa. 335; Ashmore's Trusts, 9 Law. Rep., Eq. Cases 99.

Garrett B. Linderman, Jr., is entitled to immediate possession, the trusts having terminated.

*John Hampton Barnes,* for Girard Trust Company, Trustee, appellee.—The beneficiaries of an executory bequest over upon failure of issue who are ascertained at the death of testator take a transmissible interest prior to the determination in their favor of the contingency upon which their bequest is to take effect: Kelso v. Dickey, 7 W. & S. 279; Hopkins v. Jones, 2 Pa. 69; Chess's App., 87 Pa. 362; Pennock v. Eagles, 102 Pa. 290; Churchman's Est., 20 W. N. C. 367; Basset v. Hawk, 118 Pa. 94; Brooke's Est., 214 Pa. 46; Ferguson's Est., 31 Pa. Superior Ct., 422; Wagner's Est., 16 D. R. 184; Massey's Est., 235 Pa. 289; Serrill's Est., 15 W. N. C. 470; Wickersham's App., 18 W. N. C. 36.

*W. W. Montgomery, Jr.,* for Louise D. Rathbun, ex-

ecutrix of the estate of Robert Rathbun, deceased, appellee.

*Joseph Hill Brinton* filed a paper book for the executors and legatees of John E. Rathbun, deceased, a nephew of testator, appellees.

*J. Davis Brodhead* filed a paper book for the executors of the estates of E. P. Wilbur, W. W. Wilbur, Helena Rathbun and Hattie Fitch, deceased, appellees.

OPINION OF MR. JUSTICE MOSCHZISKER, July 1, 1914:

As interpreted by this court, Asa Packer's will created a trust to end twenty-one years after the death of the survivor of his three children, Robert, Mary and Harry, or sooner upon the decease of the last of these children with no descendant of any of them surviving [for a synopsis of the will, and our construction in this respect, see Packer's Est. (No. 1)]. The testator provided that whatever property might be in the hands of his trustees, not otherwise disposed of, on the termination of the trust, should be "paid over, transferred and delivered" to the descendants of these three children, and "in case there should be no one descendant of the said three children then living," the property should be "divided into three parts"; and he directed,—"one thereof shall go to the children of my daughter Lucy E. Linderman and their issue, one thereof to my nephews and nieces hereinbefore mentioned, the remaining part shall go to the Lehigh University and St. Luke's Hospital." The testator left surviving a widow, who died intestate November 17, 1882, and the three children, Robert, Harry and Mary, all of whom subsequently died without issue, thus bringing the trust to an end. His children were given the right to dispose by will of one-half of the portions of the estate respectively enjoyed by them during life (principal and income); and this they each did. The testator also left surviving three grandchildren, referred to by

him as "the children of my daughter, Lucy E. Linderman," their mother having died before the making of his will. On October 29, 1912, the date of the decease of the last of the testator's three children, Garrett B. Linderman was the sole surviving child of Lucy E. Linderman; and, although alive at the death of the testator, all the nephews and nieces mentioned in the will were then dead.

Garrett B. Linderman, Jr., contends that the bequest to the "children of Lucy E. Linderman and their issue" was a contingent executory remainder which did not vest until the termination of the trust estate, and that then the whole interest vested in him as the sole survivor of a class. He also claims that the nephews and nieces mentioned in the will were provided for as a class, that, since they all died during the preceding life-estates, their interest never vested, and upon their decease one-half of such interest passed to him. During the continuance of the life-estate in the testator's three children, Garrett B. Linderman, Jr., transferred to his trustee in bankruptcy "all the right, title and interest, present and future, vested or contingent," which he "now has, or may have, under and by virtue of the provisions of the last will and testament of Asa Packer, deceased"; the trustee in bankruptcy assigned this interest to the Girard Trust Co. who assigned it to Mary Packer Cummings, and she reassigned it to that company, upon certain trusts for Garrett B. Linderman, Jr., and others. Garrett B. Linderman, Jr., now contends that at the time of the original assignment he did not possess a transmissible or assignable interest in the estate passing under the will of Asa Packer. The court below decided each of these points against him, and he has appealed.

All the serious contentions at bar concern the proper disposition of that portion of the residuary estate of Asa Packer over which the three children named in his will were given no power of appointment. Judge GUMMEY, who presided at the audit, well summarizes this branch

of the case in the following excerpt from his adjudication: "The bequest to the remaindermen is set forth in the 31st paragraph of the will ...... and the question arises whether those entitled to take are to be ascertained as of the date of the death of the testator, Asa Packer, or as of the death of the last surviving life-tenant; that is, did the remaindermen, upon the death of Asa Packer, take a vested or contingent interest, or, if not a vested interest, nevertheless, did they take a transmissible interest?......In approaching the question under consideration, it is important to remember the family relations as they existed at the time of Asa Packer's death. Lucy E. Linderman died during her father's life-time leaving to survive her three children, namely, Robert, Sallie and Garrett (particularly referred to by their respective names in 15th paragraph of Asa Packer's will), all of whom were living at the time of Asa Packer's death; and the nieces and nephews referred to in the residuary clause as being those "hereinbefore mentioned" are the ones named in the 14th paragraph of his will, viz: 'Elisha P. Wilbur, Warren W. Wilbur, Helena Rathbun, Robert Rathbun, John Rathbun, and Hattie Fitch,' all of whom were living at the time of Asa Packer's death, though all subsequently died in the life-time of the surviving life-tenant, Mary Hannah Packer Cummings; so that when Asa Packer died the only lives standing in the way of the residuary bequests to these two classes were those of testator's widow, Sarah, and his three children, Mary, Robert and Harry, for whom the trust was created, none of whom at that time had children, nor were children born to them at any subsequent period; and the conditions then existing have remained unchanged up to the present time, with the qualification that all of those then living are now dead, except Garrett B. Linderman, Jr.,—in other words, at the time of the death of Asa Packer, the only contingency which could prevent the ultimate vesting of the estate in the three Linderman children

and the nieces and nephews, was the birth of issue to one or more of testator's children, Mary, Robert, or Harry, of which issue at least one child or the descendant thereof must survive the period fixed by the testator for the termination of the trust; as this contingency never happened and cannot happen, the auditing judge is of the opinion that the Linderman children......and the nephews and nieces took—if not a vested, certainly a transmissible interest."

Before undertaking a discussion of the appellant's argument in detail we shall quote from the opinion of the Orphans' Court in banc, disposing of the question of the validity of the assignment of the Garrett B. Linderman interest. The opinion states: "Garrett B. Linderman, Jr.,.......having survived the termination of the trust, would therefore be entitled in remainder to one-third of one-sixth of the residue, were it not for the assignment to the Girard Trust Company by his trustee in bankruptcy. The validity of this assignment was attacked on the ground that his interest......was not assignable or transmissible......(at the time of the original transfer or the subsequent assignment). The rule on this subject is aptly stated in a note in the Columbia Law Review, Vol. XIV, p. 66...... 'The Bankruptcy Act provides that all property which the bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him shall pass to his trustee in bankruptcy. The first description practically includes the second, so that transferability is the broad test of the trustee's title; and this, in turn, cannot be reduced to any uniform rule since it depends upon the law of the jurisdiction in which the property is located.' It is not necessary to go into the question as to whether his estate was vested or contingent;......as said by Chief Justice GIBSON, in DeHaas v. Bunn, 2 Pa. 335, 'It is entirely certain that such an interest (an executory limitation not vested in interest at the time of sale) may be transferred

by an assignment even at law, and consequently that it may be sold by execution. The only mere possibility that may not be so transferred is the bare hope of succession to the property of another, such as may be entertained by an heir apparent.' To the same effect is Serrill's Est., 15 W. N. C. 470; Wickersham's App., 18 W. N. C. 36; Churchman's App., 22 W. N. C. 131; see also Drake v. Brown, 68 Pa. 223; Robbin's Est., 199 Pa. 500." [In addition to these citations, see Phillips' Est. (No. 2) 205 Pa. 511; Kenyon v. Davis, 219 Pa. 585, 591; Long's Est., 228 Pa. 594, 602]. The conclusion that the interest of Garrett B. Linderman, Jr., was of a character that could be validly transferred to his trustee in bankruptcy, and by him assigned, seems to be sustained in principle by the authorities; but the question of the present extent of that interest must be determined and that suggests a consideration, from several standpoints, of the nature of the estate or interest passing under the testator's will to his ultimate remaindermen.

In cases of this kind, properly to determine the nature of the estate or interest possessed by remaindermen, we must first discover the actual intent of the testator, and if the will makes that reasonably clear, it is not necessary to resort to technical rules of construction (Provenchere's App., 67 Pa. 463; Mulliken v. Earnshaw, 209 Pa. 226; Denlinger's Est., 170 Pa. 104, 106). Here, the testator's thought appears to have been to treat his ultimate remaindermen as individuals, not as a class; but however that may be, the intent to give them a vested, or, at least a transmissible interest from the day of his death sufficiently appears; for even where a bequest following a prior limitation is to a class, strictly as such, unless an intent to the contrary is plain, the estate vests in interest, and the members of the class are to be ascertained as of the date of the death of the testator (Carstensen's Est., 196 Pa. 325-326, 334; Chew's App., 37 Pa. 23, 28; Landwehr's Est., 147 Pa. 121, 123; McFillin's App., 235 Pa. 175; Massey's Est., 235 Pa. 289; also see

Kennedy's App., 60 Pa. 511; Yard's App., 86 Pa. 125; Bradley's Est., 166 Pa. 300; Sharpless' Est., 214 Pa. 335; Goldstein v. Hammell, 236 Pa. 305). Therefore, whether the present bequests be viewed as to a class or otherwise, it seems clear that Asa Packer intended the interests given to the children of his deceased daughter and to his nephews and nieces to vest in the several legatees at his death, although subject to be divested in the event of a descendant of any one of his three children, Robert, Harry or Mary, being alive to take at the expiration of the trust (Buzby's App., 61 Pa. 111, 114; Safe Dep. & Trust Co. v. Wood, 201 Pa. 420, 427; Pennock v. Eagles, 102 Pa. 290). In this connection, we begin with the fact that the testator's three children had no issue to take the remainder at the time of the writing of his will or at the date of his decease, while the Linderman children and the nephews and nieces designated as his secondary remaindermen were then alive and ready to take; next, the fact that the testator knew that they were alive, and thought of them as individuals, is indicated by the circumstance that he refers to each of them by name in certain parts of his will preceding the residuary paragraphs; and the significance of all of this is apparent when we consider the rule, so clearly expressed by that eminent jurist the late Judge PENROSE (See Wagner's Est., 16 Pa. D. Rep. 184; citing Doe v. Martin, 4 Term Rep. 39; 4 Kent 204, 234; Brook's Est., 214 Pa. 46; Hawkins on Wills, 233, 240-42; Theobald on Wills, 264-5) to the effect that, "the law leans in favor of vested rather than contingent estates, and will not suffer the inheritance to be in abeyance, if by any reasonable construction of the will, this can be avoided......; where a future estate is limited to ascertained persons, in being subject to a prior gift to others unborn or unascertained, who may never come into existence, the estate so given is regarded as vested subject to be divested." Hence, both upon the theory of an apparent intent and on the principle just stated, as also under other established rules of

interpretation which we shall proceed to examine, it could well be held that the interests in question vested, quodam modo, subject to be divested, in the Linderman children and the testator's nephews and nieces, in severalty, as secondary legatees, immediately upon his decease, and that they were never divested.

· It is established that a legacy will be held contingent or vested as time is annexed to the gift or only to the payment of it, and that the interests of a primary and a secondary legatee may vest, quodam modo, at one and the same time; so that if the latter die before the occurrence of the event which entitles him equally to receive the legacy, it becomes payable to his personal representatives. In other words, where the contingency does not relate to the capacity of the secondary legatee, his interest vests at the death of the testator so as to be transmissible to his personal representatives (Kelso v. Dickey, 7 W. & S. 279; Hopkins v. Jones, 2 Pa. 69; Bassett v. Hawk, 118 Pa. 94-105) ; and the question whether or not a testator intended that the secondary legatee should survive the actual time of payment, in order to possess a vested or transmissible interest, is not to be judged by the mere form of expression employed in the language of the gift, but, in each case, is a matter of substance to be judged by the whole scheme of the will (McClure's App., 72 Pa. 414, 418-19). In the present instance, when we read the will as a whole, it is clear that time is not annexed to the substance of the legacies under consideration, but only to their payment. No conditions are connected with the capacity of the legatees to take; they were in existence at the date of the will and at the death of the testator, and the lapse of time which would necessarily intervene before they could come into the actual enjoyment of their legacies in no way or manner concerned, or was intended to affect, their capacity to take, should there be a failure of primary legatees at the expiration of the trust.

Moreover, the present bequests are not merely to be im-

plied from a direction to pay to unascertained persons at a future time, as in Rosengarten v. Ashton, 228 Pa. 389, but are rather in the nature of direct gifts to ascertained persons, although subject to be defeated by a future event. The language employed by the testator in directing that upon the termination of the trust and a failure of primary remaindermen the estate "shall go to" his grandchildren, nephews and nieces, and the two institutions named, is, under the circumstances of this case, as strong as though he had said, "then and in that event I give," etc.; and it is plain that he intended to make a complete disposition of his property, for there is no limitation over in the event of the decease of any of these latter legatees, which is a consideration tending to show a vesting in them (Chew's App., 37 Pa. 23, 30). The fact that the testator failed to use the phrase, "heirs, executors, administrators or assigns" in this devise is of no significance in measuring the estates taken by the legatees (Little's App., 81 Pa. 190, 193); and although the words "share and share alike" do not appear, each of the remaindermen takes an equal share (Lewis's Appeal, 89 Pa. 509, 513). Finally, the distinction which the appellant seeks to make between cases dealing with real property and those concerning personalty, has no substance (Ross v. Drake, 37 Pa. 373, 376-7). But after all is said, as stated by the learned court below, it is not material whether the interests in question, strictly speaking, should be termed vested or contingent; the real point is, were they transmissible from the date of the testator's death; since it seems clear that they were, the extent or proportion of Garrett B. Linderman's interest must be judged accordingly, and those who hold the title to his original share take but that part of the estate which passed to him upon the decease of his grandfather.

There are several minor matters, however, which call for notice. The Orphans' Court in banc adopted the view that under the gift to "the children of my daughter Lucy E. Linderman and their issue," the word "issue" was to be read as a word of purchase referring to great

grandchildren of the testator, and not as a term of limitation; saying, "by reference to the former part of the will where he speaks of the gift to the issue of his children, it is clear that he intended that it should go to those of their issue who should be living at the time the trust ended, each generation taking in substitution, where the ancestor had died during the continuance of the trust, and therefore, we think that the granchildren living and the children of the grandchildren who are dead take estates in fee directly from the estate of testator." We cannot agree in this conclusion. The word "issue" in a will, prima facie, means "heirs of the body," and is generally a word of limitation (Reinoehl v. Shirk, 119 Pa. 108, 113; Grimes v. Shirk, 169 Pa. 74, 77); and we find nothing in the prior parts of the will before us sufficient to indicate that, in this particular instance, the word was not so intended. Under the construction placed upon this part of the will by the court below, instead of awarding the shares of the deceased Linderman children to their personal representatives, they were given to their children. But, since the present appellant is in no way affected by this, he is not in a position to complain; and, on his appeal, we shall not disturb the awards as made.

We have considered the appellant's argument concerning the meaning of the word "residue," as used in the 25th paragraph of the will, and keeping in view the general scheme of the testator, we see no merit in the contention that, in arriving at the residue of the estate over which his three children had power of appointment, the principal required to meet the annuities provided in the 24th paragraph should be excluded. Furthermore, we agree with the court below that, under the Act of June 4, 1879, P. L. 88, the will of Robert A. Packer shows a valid and sufficient exercise of the power of appointment vested in him. The 11th paragraph of the will, which broadly provides that the testator's widow should have the right to take as much of his estate as she might desire, calls for no discussion; it is sufficient to say that

Mrs. Packer appears to have exercised no such right, and the presence of this provision in the will can have no controlling effect upon our present deliberations.

By dint of a long and well-stated argument and the citation of a host of cases, counsel for the appellant has succeeded in making his cause one requiring the expenditure of much time and thought on our part; but after studying the numerous cases to which we have been referred, and some original research of our own, we are not convinced of any substantial error in the conclusion reached by the court below. It is impossible to reconcile all the decisions from the various jurisdictions touching upon the questions before us, or, in some instances, even our own, without unduly extending this opinion by pointing out shades of differences in the facts; which course we do not deem necessary to a proper disposition of the present appeal. None of the cases cited is on its facts exactly like the one at bar, or controlling here; and those referred to by us are merely inserted as shedding some light upon the various principles involved.

There is no specification of error setting forth in totidem verbis the final decree of the court below, and the assignments generally are not in proper form (Prenatt v. Messenger Printing Co., 241 Pa. 267); but we have endeavored to consider all the points called to our attention. The assignments are dismissed and the decree is affirmed; the costs to be paid by the appellant and others as ordered by the Orphans' Court when the record is returned to it.