## Wenrich's Estate (No. 1).

*Will—Vested and contingent estates—Vested estates subject to be divested.*

The law leans in favor of vested rather than contingent estates, and will not suffer the inheritance to be in abeyance, if by any reasonable construction of the will, this can be avoided; where a future estate is limited to ascertained persons in being, subject to a prior gift to others unborn or unascertained who may never come into existence, the estate so given is regarded as vested subject to be divested.

Testator directed that the proceeds arising from the sale of his real and personal estate should be divided equally among his seven children naming them, and their heirs, share and share alike. In the next clause of his will he directed that the shares going to each of his three daughters, naming them, should be held in trust for her sole and separate use, but with the privilege to consume a portion of the principal if necessary for support and maintenance. He then directed as follows: "Immediately after the decease of any of my said daughters, I give, the whole of the residue if any of their shares, to their heirs, if any, and share and share alike. And in case, if any one of my said children should die without any heirs of his or her blood then and in such case his or her share, I devise to be equally divided among my other children." One of the daughters died unmarried and without issue. *Held,* that the gift over to other children after the death of one of them was a gift to the children named in the will as individuals, and was vested at the death of the testator subject to be divested if the daughter left children surviving, and that as the daughter who died, left no children, testator's children who survived him and the legal representatives of such as were deceased, took the deceased daughter's share.

Argued Nov. 9, 1915. Appeal, No. 194, Oct. T., 1915, by Wellington M. Wenrich, from decree of O. C. Berks Co., May T., 1915, No. 29, dismissing exceptions to adjudication in Estate of David L. Wenrich, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that David L. Wenrich died on December 20, 1874, leaving a will the material portions of which were as follows:

Thirteenth. The proceeds arising from the sales of my real estate, personal property and the money derived from my bonds, notes, etc., shall be equally divided among my children and their heirs, share and share alike, to wit: May 1, Joanna 2, Elmira 3, Wellington M. 4, Aaron M. 5, Albert D. 6, and Michael A. 7, but in making said distribution, such amount as are charged in my family book against any of my said children shall be taken into account in making said distribution.

Fourteenth. The shares of my estate coming to my daughters, Mary 1, wife of Daniel P. Althouse, Joanna 2, wife of Franklin Sheeler, Elmira 3, feme sole, shall be held by my executors and the survivors of them, in trust, that they or he shall and do place the same out at interest on good real security, or in the funded debt of the United States, or the State of Pennsylvania, and pay over the interest or dividends thereof from time to time, when and as the same shall be got in and received unto my said daughters, Mary, Joanna, and Elmira, during all the time of their natural life, so nevertheless that the same shall be for their sole and separate use, notwithstanding any coverture, and not to be in any way or manner whatever liable to the contracts, debts, or engagements of their husbands which they now have, or may hereafter have, or take, and not to be in any manner whatever subject to the control or interference of such husbands, and should the interest or dividend as aforesaid be not sufficient to properly maintain my said daughters, Mary, Joanna and Elmira, and their children if any they have, then they may, from time to time as necessity may arise, petition the Orphans' Court of Berks County for permission to receive from my said Executors or the survivors of them, such part or portion of the principal as the said Court shall deem sufficient, and in

257, (1916).]   Statement of Facts—Opinion of the Court.

such case her individual receipt for said amounts as decreed by said Court, to my said executors or the survivors of them, shall be a sufficient acknowledgment therefor. Immediately after the decease of any of my said daughters I give devise and bequeath the whole or the residue if any of their shares, to their heirs if any, and share and share alike. And in case, if any one of my said children should die without any heirs of his or her blood, then in such case his or her share, I devise to be equally divided among my other children.

The daughter, Elmira, died on February 17, 1915, without issue, and at the time a widow. Mary Althouse, Joanna Sheeler and Aaron M. Wenrich were deceased at the time of her death. The Orphans' Court distributed the estate in six equal shares to the three living children of the testator and the legal representatives of the deceased children of the testator.

*Error assigned* was in dismissing exceptions to the adjudication.

*C. H. Ruhl,* for appellant, cited: Johnston's Est., 185 Pa. 179; Cascaden's Est., 153 Pa. 170; Williams v. Neff, 52 Pa. 326; Harrison's Est., 18 Pa. Superior Ct. 588; Wenzel's Est., 12 Pa. D. R. 63.

*Thomas K. Leidy,* for appellee, cited: Hopkins v. Jones, 2 Pa. 69; Brook's Est., 214 Pa. 46; Patterson's Est., 247 Pa. 529; Pennock v. Eagles, 102 Pa. 290; Bender v. Dietrick, 7 W. & S. 284.

OPINION BY HEAD, J., March 1, 1916:

In the earlier paragraphs of his will the testator arranged for the conversion of all of his property, real and personal, into money. In the thirteenth paragraph he clearly declares the manner in which the fund was to be distributed and names each individual person who was to be a beneficiary in such distribution. They were his

seven children, three daughters and four sons.  The fund arising from the sale of all of his property he declares "shall be equally divided among my children and their heirs share and share alike, to wit, &c."  In the fourteenth paragraph he provides for the time and manner of the enjoyment by his daughters and each of them of the shares given to them.  He proceeds to create for each share a sole and separate use trust to the end that the property given to his daughters could not be wasted or despoiled by an incompetent or thriftless husband.  His intent that his children and each of them were to benefit by what he could bestow is further evidenced by the fact he provides—as to each daughter—if the income of her share should not be sufficient to maintain her properly, she could consume any portion of the principal necessary for that purpose.  It was then his primary intent his property should go to and be enjoyed by his seven individual children.

Upon the death of any daughter, one of two possible situations would arise.  She would die leaving children (issue) surviving her, or she would die without such issue.  If she died leaving children, those children would clearly, under the will, take the unconsumed portion of the principal of her legacy.  If she died childless or without issue, the following concluding clause of the fourteenth paragraph of the will became operative: "And in case if any one of my said children should die without any heirs of his or her blood, then in such case his or her share I devise to be equally divided among my other children."  Was this a bequest to a class, the individual members of which were not in the contemplation of the testator and could not be ascertained until the death of one of his children?  Or was it a bequest over to the surviving individual children whom he had just named in the previous paragraph of his will or their lineage?  The learned judge of the Orphans' Court answered the second question in the affirmative, and, notwithstanding the argument so earnestly advanced by the able counsel

for the appellant, we are of the opinion the decree appealed from was correct. The court below relied, as the opinion indicates, on Patterson's Est., 247 Pa. 529, which, as he declares, "is precisely the present case." The learned counsel for appellant seeks to distinguish that case from the one at bar. Whatever significance might attach to the ground of distinction he advances,—if we had before us only the fourteenth paragraph of the will,—seems to be lost when the latter is read with the paragraph immediately preceding in which each one of his children is referred to nominatim.

The situation which arose under this will on the death of one of the daughters, leaving no issue to survive her, is fully stated in the following language cited with approval in the recent case of Packer's Est. (No. 2), 246 Pa. 116: "The law leans in favor of vested rather than contingent estates, and will not suffer the inheritance to be in abeyance, if by any reasonable construction of the will, this can be avoided; where a future estate is limited to ascertained persons in being, subject to a prior gift to others unborn or unascertained who may never come into existence, the estate so given is regarded as vested subject to be divested."

We are of opinion the Orphans' Court committed no error in making the decree appealed from.

Decree affirmed.