## Bucks's Estate.

*George B. Balmer and T. I. Snyder,* for petitioner.
*Ellis Brodstein,* for respondent.

MARX, P. J., March 31, 1928.—Joshua N. Bucks died on Oct. 6, 1922, survived by his widow, Valeria Matilda Bucks, and one son, Calvin W. Bucks. By his last will and testament duly probated, he disposed of his estate in the following terms:

"Second: I give, devise and bequeath unto my beloved wife Valeria Matilda Bucks all my Estate, real, personal or mixed of whatever nature or kind, or

wheresoever situate at the time of my decease for and during the term of her natural life and after her death to those legally entitled thereto. It is my will that my wife shall have the rents issues and profits of my entire estate during the full end and term of her natural life and that after her death my estate shall vest in those legally entitled thereto at that time the same as if I had died intestate at that time. She shall have the power to continue the partnership business that my son and I are engaged in and in all other things do with my estate as she thinks best during the term of her natural life."

Calvin W. Bucks, the son, was adjudged a bankrupt, and, on June 20, 1927, George D. Snyder was elected trustee of his estate. On July 30, 1927, said trustee presented his petition asking that a citation issue to Valeria Matilda Bucks, executrix of the will of Joshua N. Bucks, deceased, for an account of her said trust. A citation issued, and on Sept. 10, 1927, the respondent filed her answer. On Jan. 13, 1928, she filed an amended answer, the matter came to argument, and thereafter, on Jan. 25, 1928, petitioner filed his amended petition, and, on Feb. 4, 1928, respondent her amended answer. The positions of petitioner and respondent are founded entirely upon the last amended petition and answer, and no attention, therefore, need be given to the prior pleadings.

The petition avers the death of Joshua N. Bucks, on Oct. 6, 1922, testate, and survived by his said widow and son. It avers the probate of his will and the granting of letters testamentary to the executrix therein named, this respondent: That testator "died possessed and seized of personalty in excess of $16,000 and realty in excess of $14,225 and the said Valeria M. Bucks became seized and possessed of the same as executrix of the estate of the said Joshua N. Bucks, as shown by the sworn petition of the said Valeria M. Bucks for the issuance of letters testamentary; . . ." that no account has been filed; that Calvin W. Bucks, son of the testator, was adjudged a bankrupt; that the petitioner was elected trustee of the bankrupt estate and that the trustee consequently succeeded to the rights of the bankrupt in testator's estate, and to an accounting.

Respondent, by her answer, not denying, admits the relevant averments of the petition, but denies petitioner's averred interest in the estate and his right to an account. She bases her position upon the following legal grounds:

"(a) That the said petition sets forth no facts, either in law or in equity, which would entitle the petitioner to the citation.

"(b) That the failure of the petitioner to allege fraud, waste, improvidence or mismanagement on the part of the life-tenant, Valeria M. Bucks, divests him of the legal right to obtain a citation for an accounting.

"(c) That the alleged remainderman, Calvin W. Bucks, from the petition and the will itself, possesses no legal interest in the estate of Joshua N. Bucks, deceased, whereby he could petition for a citation for an account as against Valeria M. Bucks.

"(d) That George D. Snyder, trustee in bankruptcy of Calvin W. Bucks, became vested as such trustee with no greater rights in the estate of Joshua N. Bucks than were held at the time of adjudication in bankruptcy of Calvin W. Bucks.

"(e) That George D. Snyder, trustee aforesaid, is not properly or legally before the court as a party in interest in the estate of Joshua N. Bucks, deceased, because neither the petition nor anything contained in the record herein reveals the authorization, direction, order or decree of the bankruptcy court permitting or directing the said trustee to institute these proceedings for a citation to file an account.

"*(f)* That paragraph 3 of the petition fails to set forth that Valeria M. Bucks, as executrix, became seized and possessed of realty and personalty belonging to the estate of Joshua N. Bucks, inasmuch as the petition for letters testamentary does not show that Valeria M. Bucks became so seized and possessed.

"*(g)* That the petition fails to set forth that an inventory or appraisement of the estate of Joshua N. Bucks was ever filed."

Objection "*d*" may be dismissed with the comment that neither does petitioner aver nor respondent admit any rights in the petitioner greater than those in the son immediately prior to his bankruptcy.

Objection "*f*" cannot be maintained. The petition expressly avers that the executrix became seized and possessed of the estate of the testator. Upon probate of the will and qualification of the fiduciary, title to the testator's personal estate vests automatically in said fiduciary, regardless of the statements contained in a petition for letters testamentary.

Objection "*a*" is of the nature of a general demurrer. Of the remaining objections, "*b*," "*e*" and "*g*" deny the right of petitioner to a citation or an account because of failure to "allege fraud, waste, improvidence or mismanagement on the part of the life-tenant," because petitioner acted without special authorization by the bankruptcy court and because petitioner fails to "set forth that an inventory or appraisement . . . was ever filed."

Objection "*c*" denies any interest in either the petitioner or the bankrupt in the estate of Joshua N. Bucks, deceased.

Relative to objections "*b*" and "*g*," it must be noted that section 46 of the Fiduciaries Act of June 7, 1917, P. L. 447, 511, fixes the duty of an executor or administrator to file an account of administration at the expiration of six months from the time of administration granted, or when thereunto required by the Orphans' Court. It further provides: ". . . and any executor or administrator may be cited to file his account, after the expiration of six months from the date of issuance of letters testamentary or of administration, on petition of any person having an interest, present or future, vested or contingent, in the estate of the decedent, or on petition of any creditor of the decedent."

This enactment takes the place of section 15 of the Act of March 15, 1832, P. L. 139, under which the account must be filed within one year, "or when thereunto legally required," and of section 1 of the Act of April 17, 1869, P. L. 70, under which the right of citation to an accounting was expressly given to the owner of contingent interests in the personal estate of the decedent. The existing legislation is confirmatory of the law as it stood at the time of enactment and as developed under prior legislation. It grants power to cite to file an account, after the expiration of six months, "on petition of any person having an interest, present or future, vested or contingent, in the estate of the decedent or on the petition of any creditor of the decedent." To those within these designations, the citation is of right. We have neither a right nor a desire to curtail or encumber this right. Under the law, it is the duty and should be a care of the fiduciary to account, and we know no reason why allegations of "fraud, waste, improvidence or mismanagement" or the prior filing of an inventory and appraisement should be made conditions precedent to the right of citation.

Objection "*e*" is based upon the failure of petitioner to show authority to petition. Under the assumption that, by virtue of the adjudication in bankruptcy, there vested in the trustee a right of property under the terms of the last will and testament of the decedent, we conceive it the duty of the trustee,

under his appointment, to take possession of such property right and to realize upon the same by suit or by whatever other means may be necessary. The respondent denies the right of the petitioner to institute suit or action or to resort to legal recourse without having first procured authorization thereto from the bankruptcy court. This position cannot be maintained.

"But the duties of a trustee in bankruptcy are fixed by statute. 'They shall collect and reduce to money the property of estates for which they are trustees'—words as fully warranting him to sue as an administrator, with the same power and duty. The fact that this is to be 'under the direction of the court,' no more requires a preliminary order to sue than it would necessitate a special order to authorize him to go in person and present a note and demand payment. The money, when collected, after suit or without suit and the use to be made thereof, was to be 'under the direction of the court.' But being bound to collect, he was not obliged to secure a special order to bring suit necessary to collect. As to actions by or against the bankrupt pending at the time of the adjudication, the act requires him to obtain instructions from the court before intervening. But the express requirement that he must obtain an order in such instances, while being silent as to the necessity therefor in cases like this, is conclusive that special permission was not necessary where he had to sue in order to collect a debt due the estate. The fact that the original Bankruptcy Act (Act of March 2, 1867, ch. 176, 14 Stat. at L. 517) required this action to be brought in a State court is here sufficient authority to begin this proceeding:" Traders' Ins. Co. v. Mann, 11 Am. Bank. Reps. 269. See 2 Remington on Bankruptcy, § 1722, and cases there cited.

The Case of Carroll v. Hannan, 10 Am. Bank. Reps. (N. S.) 25, cited by respondent, was raised under the question of the right of a trustee to intervene in a suit brought against the bankrupt prior to adjudication and pending at the time of that adjudication. It is sufficient answer to say that the Bankruptcy Act distinguishes between the rights and duties of a trustee relative to actions pending at the time of adjudication and those relative to rights as to which no actions are pending at the adjudication. The entire ground is covered in the above-cited case of Traders' Ins. Co. v. Mann, which clearly establishes not only the right but the duty of the trustee to proceed diligently and by suit, if necessary, in the collection of the assets of the estate.

This brings us to the consideration of the objection particularly urged by the respondent, "c:" "That the alleged remainderman, Calvin W. Bucks, from the petition and the will itself, possesses no legal interest in the estate of Joshua N. Bucks, deceased, whereby he could petition for a citation for an account as against Valeria M. Bucks."

The question for determination is: Did the bankrupt, Calvin W. Bucks, at the time of the adjudication, possess such an interest in the estate of his deceased father as would pass to his trustee under the provisions of the Bankruptcy Act? The answer to this question involves the consideration of the second item of the last will and testament, hereinbefore recited.

Under the provisions of section 70 of the Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, title to the bankrupt's property vests in the trustee upon his appointment and qualification and reverts to the date of adjudication. Title vests, by operation of law, to all kinds of property that was capable of being levied on and sold by judicial process or of being transferred by any means at the time of the filing of the petition: Everett v. Judson, 228 U. S. 474. "If it was capable either of being transferred or of being levied upon, it will pass:" 1 Remington on Bankruptcy, § 964. The question then resolves itself to this: Was the bankrupt, at the time of the adjudication, seized of such an interest

in the estate of his father as would pass by levy or transfer? An answer to this question does not necessitate the determination of whether the estate in the bankrupt was vested or contingent. In the consideration of this testamentary provision our first care must, of course, be to determine the actual intent of the testator. If the terms used make that reasonably clear, it is not necessary to resort to technical rules of construction: Packer's Estate, No. 2, 246 Pa. 116, 124, and cases there cited. We may be permitted to express here our view that the interest here given to the bankrupt is a contingent remainder; contingent as to the persons in whom it will vest. The will clearly gives a life estate to the widow and then directs that "after her death" it "shall vest in those legally entitled thereto at that time, the same as if I had died intestate at that time." Testator fixes the time for the vesting of the estate at the death of the life-tenant, and designates, as the persons in whom the estate shall then vest, those who would have taken the estate if he had died intestate at the death of the life-tenant. By express direction, the time of vesting is postponed to the death of the life-tenant, and until that event happens it will be impossible to say in whom the estate shall vest. See Rudy's Estate, 185 Pa. 359, 360. However, this fact is not determinative of the question before us.

Quoting from 14 Columbia Law Review, 66, the Supreme Court of Pennsylvania, in Packer's Estate, No. 2, *supra*, at page 123, say with approval: ". . . 'The Bankruptcy Act provides that all property which the bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him shall pass to his trustee in bankruptcy. The first description practically includes the second, so that transferability is the broad test of the trustee's title; and this, in turn, cannot be reduced to any uniform rule, since it depends upon the law of the jurisdiction in which the property is located.' It is not necessary to go into the question as to whether his estate was vested or contingent; . . . as said by Chief Justice Gibson, in De Haas *v.* Bunn, 2 Pa. 335, 'it is entirely certain that such an interest (an executory limitation not vested in interest at the time of sale) may be transferred by an assignment even at law, and, consequently, that it may be sold by execution. The only mere possibility that may not be so transferred is the bare hope of succession to the property of another, such as may be entertained by an heir apparent.' "

Whether the interest of the bankrupt was a vested remainder, subject to divestiture, as argued by the petitioner, or a contingent remainder, as argued by respondent, we are satisfied it was at least more than a bare hope of inheritance. It was a right contingent upon a single requirement, that the son survive the mother; it was transferable, and, consequently, vested in the trustee as of the date of the adjudication in bankruptcy.

In disposing of all other objections urged by the respondent, we have disposed of all grounds upon which respondent based her argument in support of objection "a." In accordance with the views expressed and for the reasons given, all objections of the respondent are dismissed, the citation is made absolute, and

Now, to wit, March 31, 1928, it is ordered and decreed that Valeria Matilda Bucks, executrix of the last will and testament of Joshua N. Bucks, deceased, file in the office of the Register of Wills in and for the County of Berks, State of Pennsylvania, within one month from this date, her account as executrix as aforesaid. It is further ordered and decreed that the costs of this proceeding be paid out of the estate of Joshua N. Bucks, deceased.

From Charles K. Derr, Reading, Pa.