## Dickson Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*J. Webster Jones*, for exceptant.

*John E. Stevenson*, contra.

BOLGER, J., January 14, 1953.—The learned auditing judge dismissed exceptant's claim that exceptant's life interest under his father's will merges with an alleged intestacy as to four sevenths of the remainder of the trust. The record discloses that in 1932 during the exceptant's enjoyment of his life estate, he went through bankruptcy and by a deed, copy of which was

presented following the argument, all of the exceptant's right, title and interest under the will of his father, including his life estate, was assigned by the purchaser of that interest from the bankrupt estate to the Fidelity-Philadelphia Trust Company in trust on a spendthrift trust for the life tenant for his life remainder to his then wife, since deceased. The remainder beneficiaries under the will are nieces of testator's wife, all of whom were alive at the date of testator's death, but four of whom are since deceased. It is the contention of exceptant that since he is still entitled to the income from his father's estate for his life, that he is now as he was before his bankruptcy the life tenant under the will, and since the gifts over to the wife's nieces are contingent, there is an intestacy as to these shares which exceptant inherits, and a merger of them with his life estate entitles him now to an award of four sevenths of the trust in fee. He cites Stafford's Estate, 258 Pa. 595, wherein a trust was terminated where all present and future interests were acquired by the remainderman.

The exceptions relate to the learned auditing judge's ruling that no merger could occur because exceptant is not now the life tenant under the will. This ruling is clearly correct. The process of reasoning employed by exceptant's counsel we cannot comprehend. His attempt to blithely bypass the assignment of exceptant's life interest and his assertion that the trustee under the deed of assignment has no standing to object to this proceeding is palpably specious. That exceptant's interest as life tenant under the will is so utterly different from his life interest under the deed of trust is too obvious to require comment, much less argument. The latter interest is alive and operating. The fact that the trustee thereunder has not joined exceptant in his application is fatal. The validity of this assignment is not challenged; its existence and the provisions

thereof must, therefore, be enforced. The life estate remains unaffected and, therefore, the principal must be kept intact. To reduce the principal from which four sevenths of the income is derived would naturally deplete it commensurately and, therefore, the requested depletion would be obvious error. We, therefore, have a situation wherein we clearly lack jurisdiction to determine at this time the nature of the remainder interest: Laucks Estate, 358 Pa. 369.

Examining the record respecting exceptant's status in the remainder interest of the trust, we must reach the same conclusion—that he has no standing. The burden of establishing such standing rests upon him and he has signally failed therein. The record does not reveal exactly what happened to exceptant's interest under his father's will as well as in his father's estate. All that we know is that some friends of exceptant bought some of exceptant's interest under his father's will from the trustee in bankruptcy and assigned it to a trustee as hereinbefore stated. What, if anything, was done by the bankruptcy trustee about the bankrupt's possible interest in an intestacy does not appear. In the absence of explanation by exceptant we must assume it became and remains the property of his creditors or of the trustee under the deed: Packer's Estate (No. 2), 246 Pa. 116. Certainly it nowhere appears that exceptant is possessed of it.

The personal representatives of the estates of the four deceased remaindermen not only do not join in exceptant's application, but oppose it. Likewise the record does not reveal the joinder of the three surviving remaindermen. So that of all the necessary parties who must join in an application such as exceptant presents, only one, exceptant himself, appears and he has no standing.

Despite his ruling that exceptant has no standing, the auditing judge construed the nature of the re-

mainder interest. Because of the rulings hereinbefore contained sustaining the finding that exceptant has no standing and that the court has no jurisdiction to determine at this time the nature of the remainder interest, we find no need to rule upon the question of interpretation of the remainder interest or the other matters raised by the exceptions.

The exceptions are, therefore, dismissed and the adjudication is confirmed absolutely.