NOBLE CALHOUN and MARY CALHOUN *v.* DANIEL JESTER
and Another.

Under a devise to A.'s children " of a plantation to come into their possession, or
into the hands of the executors for their benefit, at the testator's death, provi-
ding that A. have the privilege of living on the place with his children during
his life,"—A. takes not an estate for life but a license, and of A.'s children only
those take who were *in esse* at the testator's death.

ERROR to the District Court of Allegheny.

*Sept.* 12.  This was an action of ejectment, by Noble and Mary
Calhoun, against Daniel Jester and another.

The plaintiffs were children of John Calhoun, who was a son of
Alexander Calhoun. They were born after the death of Alex-
ander Calhoun, their grandfather, who in his will devised as fol-
lows :—

" Item 5th. I will and bequeath unto my son, John Calhoun, one
dollar ; and I leave unto said John's children, my plantation, with
all my debts and other accounts, after paying all my just debts and
other expenses ; also, by paying the several legacies herein men-
tioned, said plantation to come into their possession, or into the
hands of my executors for their benefit, at my decease ; *providing*
that my son John have the privilege of living on the place with his
children during his life."

This ejectment was brought to recover an undivided share of that
plantation, as devisees thereof under this will, and also to recover
certain other portions of it as heirs of two deceased intestate bro-
thers, who were born before and were living at the death of the
testator.  John had five children living at testator's death.

The court in their charge say :—

" Did the estate vest absolutely in the five children of John,
living at the time of the testator's decease ? The rule on this sub-
ject is well settled. It is, that when land is given to one person
for life, &c., and, after the determination of that estate, it is de-
vised over, whether to persons *nominatim*, or to a class of persons,
it will vest in the object to whom the description applies at the
death of the testator ; and, when there is an immediate gift to
children, those only living at the testator's death will take : though,
if there was a life-estate first given, with remainder over to the
children of the tenant for life, then it would be different, and all
the children *in esse* at the time of distribution would be entitled to
equal shares. The remainder would vest in the children living at
the testator's death, subject to open and let in all others born before

the death of the tenant for life: 5 Barr, 504. In this case the devise was immediate to the children of John, and only those in existence at the death of the testator could take anything under the devise."

To this part of the charge the plaintiffs excepted.

The verdict was against the plaintiffs' claim, as devisees: but in their favour for what they claimed as heirs of their deceased brothers. The error assigned was, that the court erred in charging that the plaintiffs could not recover as devisees under the will of Alexander Calhoun, deceased, and that only those children in existence at the death of the testator could take anything under the devise.

*Woods*, for plaintiffs in error.—The testator certainly intended a family provision for John and *all* his children, not five of them. John's interest is for life, a grant to be used in common with all his children born during his life. It would seem to be a life-estate: Wusthoff *v.* Dracourt, 3 Watts, 240; 24 Wend. 146; 3 Metcalf, 558; Baldwin's Rep. 454.

The plaintiffs were born during their father's interest. The terms would embrace not only those living at the testator's death, but all born before the exclusive possession came to the devisees— and that even under the rule in Minnig *v.* Batdorff, 5 Barr, 504; 2 Jarman on Wills, 75.

*M'Candless* and *M'Clure*, contrà.

The opinion of this court was delivered by

GIBSON, C. J.—The direction, that the testator's son John should have the privilege of living on the place with the children during his life, gave him, not an estate, but a license. Had he taken an estate, it would have been liable to judgment and execution by his creditors—the very thing, perhaps, which the testator designed to prevent. Besides, if a remainder, and not an immediate estate had been limited to the children, it could not have vested till John's death; but, by the terms of the devise, the plantation was to come into their possession, or into the possession of the executors for their use, at the testator's death. There was no remainder, therefore, vested or contingent. As the land, then, was given, not to John with a limitation over to his children, but to them immediately, the devise was not subject to open and let in children after-born; and none took who were not children at the testator's death.

Judgment affirmed.