## Landwehr's Estate.   Chadwick's Appeal.

*Will—Gift to children as a class—After-born children.*

Property was given by a will to the testator's executors, with directions to sell the same and pay one fourth the net proceeds thereof to the children of testator's son. At the testator's death, the son had seven children ; two others were born afterward and before distribution : Held that the gift being immediate to the children as a class, only those in existence at the testator's death could participate. As a discretionary power of sale, vested in the trustees, was to be exercised in a reasonable time, the ordinary delay in actual distribution would not operate to let in after-born children.

Argued Nov. 10, 1891. Appeal, No. 318, Oct. T., 1891, by J. M. Chadwick, guardian, from decree of O. C. Allegheny Co., Dec. T., 1890, dismissing exceptions to adjudication. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

On December 1, 1890, the third partial account of E. H. Myers and John R. Baum, executors of the will of B. H. Landwehr, deceased, showing a balance of $25,740.21, for distribution, was confirmed nisi. The confirmation having been made absolute, the account was called for audit on December 18, 1890.

At the audit, it was shown that the testator died on December 28, 1880, leaving a will dated November 18, 1878, duly admitted to probate. Said will, after providing for the payment of testator's debts, etc., and for certain pecuniary legacies, proceeded:

" Fourth. All the rest, residue and remainder of my estate, real, personal, and mixed, I give, bequeath and devise as follows, to wit: To John R. Baum and Ernest Henry Myers, my sons-in-law, my executors hereinafter named, who are to sell the same as soon after my decease as they, my executors, shall think fit and expedient, for such price or prices and upon such terms as they may deem best, and in such quantities as may suit purchasers, but in such manner as may be approved of by the judgment of said executors ; and of the net proceeds thereof pay one fourth thereof to the children of my son, B. Henry Landwehr, or the survivors of them ; one other fourth part thereof pay to my daughter, Amelia Myers, wife of Ernest Henry Myers ; and the remaining half part thereof pay to my daughter Sophia, the wife of said John R. Baum.

" And to effect the foregoing purposes I do give unto my said executors full possession and authority to sell and convey the said real estate, and to execute conveyances thereof in fee-simple or otherwise, without the intervention of any court for that purpose, to the purchaser or purchasers."

It was shown, also, that at the time of the death of the testator, his son, B. Henry Landwehr, had seven children. Afterward, and before distribution, two other children were born to him, to wit, Charles E. Landwehr and Ada C. Landwehr, who

at the time of distribution were represented by James M. Chadwick, their guardian.

After hearing, the auditing judge filed an adjudication awarding the share provided for the children of B. Henry Landwehr to those children who were in existence at the time of the testator's death, excluding those born afterward and before distribution.

To the distribution reported, James M. Chadwick, guardian of Charles E. and Ada C. Landwehr, filed exceptions, alleging that the court erred:

1. In excluding the said minor children, exceptant's wards, from the distribution made.

2. In not holding and so decreeing that said children should be admitted to a participation in the distribution, and to take an equal share with the other children of B. Henry Landwehr.

HAWKINS, P. J., filed the following opinion:

There is a settled rule of construction that an immediate gift to children, as a class, includes only those who are in existence at date of testator's death, but that where a particular estate or interest carved out with a gift over, the limitation in remainder will embrace as well those living at testator's death as those who shall subsequently come into existence before the period fixed for distribution: Minnig v. Batdorff, 5 Pa. 503; Gross's Est., 10 Pa. 360; Coggins' Ap., 124 Pa. 10; Hawkins on Wills, 68.

Tested by this rule, only those "children" of B. Henry Landwehr who were living at the date of testator's death, are entitled to take. The gift is immediate; and, while actual possession is postponed until sale, postponement is for convenience of distribution; the possession of their trustees being purely legal, is their possession. As the discretionary power of sale vested in the trustees must be exercised within a reasonable time, the delay in actual distribution is such as would take place in ordinary cases of administration, and will not operate to let in subsequently born children: Hagger v. Payne, 23 Beav. 479.

The exceptions must therefore be dismissed at the cost of exceptant.

The exceptant appealed.

*Error assigned* was the dismissal of the exceptions.

*Walter M. Lindsay*, for the appellant, cited: Haskins v. Tate,

25 Pa. 249; Rudebaugh v. Rudebaugh, 72 Pa. 271; Minnig v. Batdorff, 5 Pa. 505; 2 Jarman on Wills, 155 n.; 12 Am. & Eng. Encyc. of Law, 61; Woerner on Administration, § 434; Delaney v. McCormack, 88 N. Y. 174; 25 Hun 574; Schouler on Wills, 71, 72, 468, 529; Ross v. Drake, 37 Pa. 375.

*James Fitzsimmons*, for the appellees, filed no printed brief.

PER CURIAM, January 4, 1892.

This decree is affirmed upon the opinion of the learned judge of the orphans' court, and the

Appeal dismissed, at the costs of the appellant.        C.