walked on Market street pavement which she knew had the offset where the board walk joined the stone, depended on a comparison of risks. In an unlighted borough, on a dark, rainy, stormy night, a very prudent mother will probably stay indoors with her children ; but this is a degree of care which the law does not impose upon the citizen; the law might as well, then hold, that the duty of the borough extended no further, than to provide reasonably safe ways for the citizen in fair weather and broad daylight; but its duty is more exacting ; it must provide reasonably safe ways for the public, night and day ; the citizen must only exercise reasonable care in their use. Whether the plaintiff exercised that care in this case was for the jury. Therefore the judgment is reversed and a procedendo awarded.

## Darrah, Appellant, *v.* Darrah.

*Deed—Trust and trustee—Children—Heirs—Habendum.*

An owner of land executed a deed to his son by which he conveyed to his son "his heirs and assigns in trust for the children and heirs, share and share alike of the said" son, all that certain messuage, etc., reserving one room in said house and a living with the said son so long as the grantor shall survive, "to have and to hold the said premises with all and singular the appurtenances, unto the said party of the second part in trust for his heirs and assigns, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever." *Held,* (1) that the son took no interest whatever in the property conveyed; (2) that the son's children in existence at the date of the deed took title to the property without reference to any after-born child or the grantee's widow.

Argued Feb. 3, 1902. Appeal, No. 306, Jan. T., 1901, by plaintiff, from decree of C. P. Montgomery Co., June T., 1901, No. 1, on bill in equity, in case of Mary Darrah, widow of Samuel Jones Darrah, deceased, and the Albertson Trust and Safe Deposit Company, guardian of Bessie L. Darrah, a minor, v. Percival W. Darrah, Thomas W. Darrah, Edna J. Darrah, James B. Darrah and Thomas Darrah. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Bill in equity for partition.

Demurrer to bill.

WEAND, J., filed the following opinion :

This case comes before us on a general demurrer to plaintiffs' bill, which asks for partition of land conveyed by a deed whose peculiar phraseology has given rise to dispute as to ownership. The petitioners are the widow and minor child of Samuel Jones Darrah, and the defendants are other children of said Darrah. The parties to the deed are Thomas B. Darrah, grantor, and Samuel Jones Darrah, grantee. The deed sets forth that " the said party of the first part, for and in consideration of the sum of one dollar, and the natural love and affection, lawful money of the United States of America, well and truly paid, etc., has granted, etc., unto the same party of the second part, his heirs and assigns, in trust for the children and heirs, share and share alike of the said Samuel Jones Darrah, all that certain messuage," etc., " reserving one room in the northwest corner of the second story of the dwelling house, and a living with the said Samuel Jones Darrah so long as the said Thomas B. Darrah shall survive, with all the comforts and conveniences he has ever enjoyed."

" To have and to hold the said premises, with all and singular the appurtenances, unto the said party of the second part in trust for his heirs and assigns to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever."

The tenendum also uses the words " heirs and assigns " in connection with the party of the second part.

Thomas B. Darrah died intestate in 1889 unmarried and without issue, and leaving to survive him no brothers or sisters of the whole blood but the issue of a deceased brother, James Darrah, who died intestate in 1868, to wit: Samuel J. Darrah, now deceased (grantee in the deed), and James B. Darrah and Thomas J. Darrah, both living.

Samuel Jones Darrah died intestate on September 16, 1897, in California, leaving to survive him, a widow, Mary Darrah, plaintiff first above named, and four children, to wit: Bessie L. Darrah, Percival W. Darrah, Thomas W. Darrah and Edna J. Darrah, all of whom are of full age and sui juris, except the

said Bessie L. Darrah, who is a minor, having for her guardian " The Albertson Trust and Safe Deposit Company " of Norristown, Pa.

Bessie L. Darrah, one of the plaintiffs, was born October 4, 1897, of a second marriage of said Samuel Jones Darrah and consequently was not in being at the date of the deed.

Percival W. Darrah, Thomas W. Darrah and Edna J. Darrah, three of the children of Samuel Jones Darrah, deny the jurisdiction of the court to make partition as prayed for upon the ground, (1) That Samuel Jones Darrah did not have any estate or interest in the land and therefore his widow has no standing to ask partition, and (2) that as Bessie L. Darrah was not in esse at the time of the grant she cannot be included under the designation " children " as contemplated by the deed and therefore she has no standing to demand partition.

It is our duty so to construe this deed as, if possible, to carry out the intention of the parties and to give to each part its proper and legal effect. The frequent use of the words " in trust " rebuts the idea that an absolute estate was intended to be granted to Samuel Jones Darrah, for, if the grantor intended an estate in fee simple the words " in trust " would be inconsistent. See Warn v. Brown, 102 Pa. 347. Nor are there any words or terms used which give him a life or other estate to his own use : Warn v. Brown, 102 Pa. 347.

A conveyance to the heirs of a living person is void for uncertainty (Morris v. Stephens, 42 Pa. 200), and therefore no estate passed to any person under that designation. If we strike out the word " heirs " in the premises it leaves the grant to the children of said Samuel Jones Darrah ; or if we construe the word " heirs " as used indiscriminately and synonymously with " children " we have the same result. In Huss v. Stephens, 51 Pa. 282, where the grant was " to the heirs of Andrew Lantz, Jr.," " in consideration of the natural love and affection he hath for his grandchildren " the conveyance was held good, and the word " heirs " applied to the grandchildren as persons, in being and competent to take. We cannot, see, therefore, why the conveyance up to this point was not good to Samuel Jones Darrah in trust for his children.

Do the words in the habendum " in trust for his heirs and assigns, to the only proper use, benefit and behoof of the said

party of the second part, his heirs and assigns forever," change
or destroy the estate first granted? The purpose of the ha-
bendum is to define the extent of the interest granted, if that
interest has not already been defined, and whilst it may be
used to explain or qualify the grant, as set forth in the prem-
ises, it cannot be used to defeat it: Tyler v. Moore, 42 Pa. 374.
If the habendum be absolutely repugnant to the premises, if it
cannot be reconciled with them, so that full effect can be given
to both, it must give way, and the premises must stand. In a
deed the premises will prevail: Tyler v. Moore, 42 Pa. 374.

In this case, therefore, if the habendum by the use of the
words "his heirs and assigns" is repugnant to the premises
which give the land "in trust for his children," the premises
will prevail; but in addition the habendum in one part is "in
trust for his heirs and assigns."

In Warn v. Brown et al., 102 Pa. 347, it was said: "Where
in a deed the word 'children' and 'heirs' are used indiscrimi-
nately in order to harmonize the two parts of the deed, the
word 'children' will be substituted for the word 'heirs' in the
habendum."

As we view the case this grant was to Samuel Jones Darrah
in trust for his children, their heirs and assigns, and the only
remaining question is as to the interest of Bessie L. Darrah,
and, this will depends upon whether Samuel Jones Darrah took
any interest in the land.

It is contended by plaintiffs that the condition or reservation
"reserving one room in the northwest corner of the second
story of the dwelling house, and a living with the said Samuel
Jones Darrah so long as the said Thomas B. Darrah shall sur-
vive, with all the comforts and conveniences he has ever en-
joyed," conveys a life estate to Samuel Jones Darrah; if so his
after-born child would be included amongst his children. But
we cannot so construe the grant. No mention is made of any
title or interest to vest in him. True the natural love and af-
fection is that existing between Thomas and Samuel, but this
may be a good consideration for the gift to the latter's children.
Samuel is but a dry trustee, or conduit, through whom the es-
tate vests in his children.

The deed may reserve a room in the house and a living and
maintenance by Thomas with Samuel at another place, and if

Samuel accepted the deed for his children he might be liable for the condition, but it gives him no interest in the land itself.

The law is well settled that "where there is an immediate gift to children those only living at the testator's death will take ; but it is now well settled, that where a particular estate is carved out, with a gift over to the children of the person taking that interest, or of any other person, the limitation will embrace not only the objects living at the death of the testator, but all who shall subsequently come into existence before the period of distribution : " Minnig v. Batdorff, 5 Pa. 503 ; Gross's Est., 10 Pa. 360 ; Landwehr's Est., 147 Pa. 121.

Here the grant is immediate. There are persons in being competent to take and there is no particular estate with a gift over. The estate granted vested immediately upon the execution and delivery of the deed, and only those then in being who answered to the description, could take as grantees.

As the widow is not entitled to dower and as Bessie L. Darrah, the other petitioner, has no estate or interest in the land, their request for partition must be denied.

·And now, April 16, 1901, the demurrer is sustained and the bill is dismissed at costs of plaintiff.

*Error assigned* was decree dismissing bill.

*Montgomery Evans*, with him *James B. Holland* and *John M. Dettra*, for appellant, cited : Wager v. Wager, 1 S. & R. 374 ; White v. Williamson, 2 Grant, 249 ; Coursey v. Davis, 46 Pa. 25 ; Wolford v. Morgenthal, 91 Pa. 30 ; Hague v. Hague, 161 Pa. 643 ; Sorver v. Berndt, 10 Pa. 213.

*Neville D. Tyson*, for appellee, cited : Tyler v. Moore, 42 Pa. 374 ; Karchner v. Hoy, 151 Pa. 383 ; Hafner v. Irvin, 19 N. Car. 433 ; Morris v. Stephens, 46 Pa. 200 ; Warn v. Brown, 102 Pa. 347 ; Lancaster Bank v. Myley, 13 Pa. 544.

PER CURIAM, May 19, 1902 :

The decree in this case is affirmed on the opinion of Judge WEAND.