## Trattner Estate.

Argued September 29, 1958. Before JONES, C. J., BELL, MUSMANNO and JONES, JJ.

*Nevin Stetler,* with him *Leo E. Gribbin, Jr.,* for appellant.

*Donn I. Cohen,* with him *Lavere C. Senft,* and *Cohen and Senft,* for appellee.

OPINION PER CURIAM, November 10, 1958:

Esther Trattner, the decedent, died testate, May 17, 1952, her will having been executed slightly more than six months prior to her death.

134

The sole issue raised upon this appeal involves the interpretation of Item Eighth, paragraph 51 of the will. Item Eighth actually disposed of the residue of the estate. We are called upon to interpret by way of identification Item Eighth, paragraph 51 which provides as follows: "to any grandniece or nephew born after the execution of this Will, one-half (½) part of the residue, until 3 parts are consumed."

The record reveals that no grandnieces or grandnephews were born between the date of the will and the date of death, but that, subsequent to testatrix's death, three grandnieces and three grandnephews were born and a grandniece and a grandnephew adopted. The court below properly concluded that the language of Item Eighth paragraph 51 was intended to include only grandnieces or grandnephews and not great grandnieces or great grandnephews and that testatrix had specifically limited to six, the number of legatees entitled to distribution. Of the six *natural* grandnieces and grandnephews four were born more than one year subsequent to testatrix's death and the *adopted* grandniece and grandnephew were adopted more than a year after testatrix's death. The court below properly concluded that the language of Item Eighth, paragraph 51 evidenced a class gift which failed as to all but the two grandnieces who were en ventre sa mere at the time of testatrix's death. A grandniece and two grandnephews who were excluded from the class gift have appealed from the decree of the court below.

The decree is affirmed on the following excerpts from the able opinion of President Judge HARVEY A. GROSS.

"A determination must now be made as to the participants, if any, under Item Eighth, paragraph 51 of the will, which reads: 'to any grandniece or nephew born after the execution of this Will, one-half (½) part of the residue, until 3 parts are consumed.'

"It is held that the maximum distribution under the above quoted provisions would in any event be limited to six participants.

"Who will they be, if any?

"It is believed that the language 'to any grandniece or nephew', is intended to mean 'to any grandniece or grandnephew' and limited to children actually born to any niece or nephew after the date of the will and before the death of the testatrix, or en ventre sa mere with respect to any niece or wife of a nephew at the time of the death of the testatrix.

"Thus it would follow that the provision does not apply to any adopted children, nor to more remote issue, such as great grandnieces and great grandnephews. . . .

"(1) Whether persons born after the death of the testatrix are eligible to participate in distribution under the said paragraph 51. . . .

"The gifts in the subject paragraph 51 are immediate. Or, conversely, there is not any intermediate estate in trust. No particular estate is carved out with a gift over.

"In Wright's Estate, 284 Pa. 334, the will created a charitable trust with the further direction that the trustees might render necessary assistance out of income to the testator's own nephews and nieces.

"Incidentally, it was held that the blending of the charitable and noncharitable bequests in one trust did not render the whole trust void.

"But it was also held, and which we hold to be germane to the matter now before us, that a will speaks as of the date of testator's death and, unless it provides otherwise, the beneficiaries are to be determined as of that time. And that persons born after the death of the testator cannot take under a legacy to a class, unless a definite later date is fixed for distribution.

"The cited case also cites Schouler on Wills, etc. (Vol. 2 6th ed.), section 1016, as stating the general rule: 'Testator has a right to fix a time other than his death, when the members of a class are to be ascertained but where nothing appears to the contrary the members of the class will be ascertained as of the date of the death of the testator and it is the universal rule that the class is determined as of the time of the death of the testator rather than of the execution of the will.'

"The opinion of GEARHART, P. J., in Stephens Estate, 22 Lehigh 310, is very illuminating on the subject of the determination of the members of a class at the time of the testator's death.

"See also: Calhoun v. Jester, 11 Pa. 474. Landwehr's Estate. Chadwicks Appeal, 147 Pa. 121. Darrah, Appellant v. Darrah, 202 Pa. 492.

"A child en ventre sa mere is regarded as being in existence.

"SOLLY, P. J., in Schmidt Estate, 41 Montg. 280, impressively expounds on the subject and cites I Blackstone's Commentaries, 129, where it is declared: 'Life is the immediate gift of God, a right inherent by nature in every individual; and it begins in contemplation of law as soon as an infant is able to stir in the mother's womb . . . . An infant en ventre sa mere, or in the mother's womb, is supposed in law to be born for many purposes. It is capable of having a legacy made to it.'

"The cited opinion further states: 'A legal personality is imputed to an unborn child as a rule of property for all purposes beneficial to such child after birth. Drobner v. Peters, 232 N. Y. 220. This principle was stated by our own Supreme Court as long ago as 1819. In Swift v. Duffield, 5 S. & R. 38, that court said: 'It is now well settled according to the dictates of common sense and humanity, that a child en ventre sa mere, for all purposes for his own benefit, is con-

sidered as absolutely born: .... In a devise to children or grandchildren, the prima facie intention will include a child en ventre sa mere, unless it appears, by particular expressions in the will, that the testator intended. the contrary, and confined it to children then born.' "

"See also: Estate of Wunder minors, 13 Phila. 409. Barker v. Pearce, 30 Pa. 173. Laird's Appeal, 85 Pa. 339.

"As being pertinent, we quote paragraph 2 of the syllabus of Reinhold Estate, 27 Erie 85: 'It would be a violent interpretation of testatrix's words to construe them that her entire estate should remain unliquidated and unsettled for such a period of time as would be necessary to elapse to exhaust the possibility of the birth of grandnieces and grandnephews. The Court is of the opinion that the testatrix did not intend to provide for unborn grandnieces and grandnephews, but for such as were in existence or en ventre sa mere at the time of the execution of the will and the codicils.'

"It is concluded that Lynn Ann Breuer and Millie Fleiss, grandnieces, are each entitled to receive a one-half part under the provisions of paragraph 51. It follows that the other grandniece and four grandnephews, who were born more than one year after the death of the decedent are not eligible to participate."