## Hiester Estate

*Donald K. Bobb*, for accountant.

*Aaron A. Brumbach*, for legatee.

MUTH, P. J., March 7, 1966.—Isaac Hiester died testate March 14, 1921, leaving a last will and testament dated February 26, 1919, which was duly probated in the Office of the Register of Wills of Berks County, Pa., on March 24, 1921. In paragraph second of his will, he provides as follows:

"I give the residue of my estate to my executor in trust for my children in equal shares for life free from claims of creditors or assignees with remainder as each child may by will appoint . . ."

Mary Baer Hiester, executrix, upon petition to this court, was relieved of the duty of acting as trustee, and the Reading Trust Company was appointed in her place. The trust estate was divided into three equal shares to decedent's three children, one of whom was George Baer Hiester.

George Baer Hiester died testate May 19, 1962. His will, dated January 23, 1957, was probated in the Office of the Register of Wills of Berks County on May 25, 1962. In paragraph fourth of his last will and testament, he exercised the power of appointment given to him under the will of his father, Isaac Hiester, giving, devising, and bequeathing the same to the Reading Trust Company, in trust, to pay the net income to his wife, Barbara Ross Hiester, for and during her lifetime or until she should remarry. Upon the death or remarriage of said Barbara Ross Hiester, he provided that the corpus of the trust shall be added to the then principal of another trust set up in paragraph sixth of his will for his daughter, Robin

Hiester Najarian. With reference to this trust, he provided that the Reading Trust Company be trustee and pay the net income from said trust to his daughter Robin Hiester Najarian, for life, together with such principal as the trustee may find proper for her comfortable support and maintenance, giving her the right to make certain withdrawals of principal at stated periods, and, upon her death, directing that the remaining principal of the trust be paid "to her then living issue per stirpes and in default of any issue then living to the then living issue per stirpes of my brother, William M. Hiester, and my sister, Emily Hiester Harden". In the event any beneficiary shall be a minor, he provided that his trustee, the Reading Trust Company, inter alia, may retain and invest and reinvest the whole or any part of said principal or income until such beneficiary attains his or her majority.

By an adjudication of this court dated July 22, 1963, in the estate of Isaac Hiester aforementioned, there was distributed cash and assets to the Reading Trust Company, trustee, in trust for Barbara Ross Hiester, widow of George Baer Hiester, the sum of $403,521.61.

Robin Hiester Najarian, by a writing dated March 2, 1965, referring to the aforementioned estates of Isaac Hiester and her father, George Baer Hiester, and the trust within mentioned, also stated that Barbara Ross Hiester remarried on January 23, 1965, thereby terminating the trust created under the terms of paragraph fourth of the will of George Baer Hiester. In said instrument, said Robin Hiester Najarian does further renounce all right, title and interest in the assets of said trust created under the terms of paragraph fourth of the will of George Baer Hiester, deceased, as well as her right, title and interest in the income therefrom; providing, how-

ever, that said renunciation shall not be effective in so far as other assets constituting the residue of the estate of George Baer Hiester held by the Reading Trust Company, trustee under paragraph sixth of the will of George Baer Hiester, are concerned.

The Reading Trust Company, trustee, has filed its second account of the trust created under paragraph fourth of the last will and testament of Isaac Hiester, deceased. The accountant, at the audit of its account, has informed the court that Robin Hiester Najarian has four living children born prior to the date of her renunciation of her interest in the assets of the within mentioned trust and one child born subsequent to the said date. In addition, we are informed that said Robin Hiester Najarian is a young woman and there is a probability that she may have other children.

The account suggests distribution of the principal and accumulated interest of the said trust to the four children of Robin Hiester Najarian born prior to the date of the renunciation aforesaid, namely, Frederick Carl Najarian, Jacob Baer Najarian, Michael George Najarian and David Charles Najarian, excluding therefrom the fifth child, James Hiester Najarian, born after the date of said renunciation; distribution to said children, all of whom are minors, to be made to the Reading Trust Company, trustee for each of the respective children.

It is the contention of the accountant that the renunciation by Robin Hiester Najarian of her interest in the assets of said trust operates as an acceleration of the remainder interests as of the date of said renunciation.

The will of George Baer Hiester, in paragraph ninth thereof, provides as follows:

"NINTH: I desire to avoid the appointment of guardians and trustees ad litem and therefore direct that all parties in interest, present or future, as-

certained or unascertained, shall be bound (1) by any adjudication of an account of my fiduciaries of which notice shall have been given to all parties who at the time of filing such account shall be sui juris and (a) presently entitled to an interest in my estate, or (b) would be so entitled if all intervening particular estates should terminate at the time of filing such account, or (2) by the express approval or ratification of any act of my fiduciaries by all parties who at the time of such approval or ratification shall be sui juris and (a) presently entitled to an interest in my estate, or (b) would be so entitled if all intervening particular estates should terminate at the time of such approval or ratification".

On December 29, 1965, Philip F. Schmehl, Esquire, was appointed guardian ad litem for James Hiester Najarian, a minor, and trustee ad litem for any unborn issue of Robin Hiester Najarian, and all and any other unascertained parties in interest in said trust.

Two questions are presented for us for disposition: (1) Is the appointment of the said Philip F. Schmehl, Esquire, trustee and guardian ad litem, proper and (2) does the renunciation of Robin Hiester Najarian of her interest in the principal and income of the within trust accelerate the remainder interests as of the date of such renunciation, or does the trust continue for her children until her death?

Section 3(a) of the Estates Act of April 24, 1947, P. L. 100, as amended, provides as follows:

"Section 3. Release or Disclaimer of Powers or Interests.

"(a) Powers and Interests Releasable. Any power of appointment, or power of consumption, whether general or special, other than a power in trust which is imperative, and any interest in, to, or over real or personal property held or owned outright, or in trust,

or in any other manner which is reserved or given to any person by deed, will or otherwise, and irrespective of any limitation of such power or interest by virtue of any restriction in the nature of a so-called spendthrift trust provision, or similar provision, may be released or disclaimed, either with or without consideration, by written instrument signed by the person possessing the power or the interest and delivered as hereinafter provided, but nothing in this section shall authorize an income beneficiary of a spendthrift trust to release or disclaim his right to such income, unless as a result of the release or disclaimer the released or disclaimed income will pass to one or more of the beneficiary's descendants": Act of February 17, 1956, P. L. 1073, effective April 1, 1956.

It is to be noted that, as the result of the release, renunciation, or disclaimer within mentioned, the disclaimed income will pass to one or more of the life tenant's descendants.

The validity of the appointment of Philip F. Schmehl, Esquire, as guardian and trustee ad litem depends upon whether or not the provision prohibiting such appointment in the will of George Baer Hiester is binding upon us. A similar provision in almost identical language was considered in Blatz Estate, 21 D. & C. 2d 117, 10 Fiduc. Rep. 416, wherein the court referred to such a limitation upon the power of the court as follows:

". . . settlor attempts to bind the ultimate remaindermen, minors and unascertained persons, by the sole acquiescence of a current beneficiary who is sui juris. Such provision is against public policy and violates fundamental concepts of law. It tends to curtail the administrative powers of the court and would abrogate or negate the powers and duties conferred upon the court by the legislature: Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 601(5), 20 PS

§2080.601(5). See also section 1085 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.1085, and Philadelphia Orphans' Court Rule 124 as integrated with Supreme Court Rule §12: R. 4. The denial of the power impedes full and thorough investigation of the account and its administration.

"Furthermore, since our Supreme Court in Elkin's Estate, 325 Pa. 373, in construing section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, held that in the absence of fraud all objections to an account, even those of minor and unborn remaindermen, are barred five years after the confirmation of the account, it is abhorrent to the conscience of the court to approve an accounting without proper legal representation of the minority interests. The five-year period of limitation in which to seek a review is continued in sections 721 and 983 of the Fiduciaries Act of 1949, 20 PS §§320.721 and 320.983.

"Professor Scott in his treatise on the Law of Trusts, vol. I, 2d ed., §62.15, states that 'a testator is not allowed unrestricted power to control the machinery of a trust which he has created'".

Accordingly, we conclude that the prohibition against the appointment of a guardian and trustee ad litem in the will of George Baer Hiester is invalid; that the appointment of Philip F. Schmehl, Esquire, as such guardian and trustee ad litem is proper.

(2) Does the renunciation of Robin Hiester Najarian of her interest in the trust accelerate the interests of the remaindermen, and are the beneficiaries of the trust determined as of the date of her renunciation?

As pointed out in Feeney's Estate, 293 Pa. 273, the doctrine of acceleration is not an arbitrary one, but is founded, in the case of a will, on the presumed intention of testator, and is applied in the promotion of

the presumed intention of testator and not in defeat of his intention. When it is the intent of testator that the remainder shall not take effect until the actual expiration of the prior donee, the remainder will not be accelerated: see Ludwick's Estate, 269 Pa. 365. In Feeney's Estate, supra, testator by his will created a trust to pay the income to his son, William, for life, and upon his death, the trust to continue during the lifetime of the children of said son living at the time of his death, and the income from said fund to be paid in equal shares for the account of said children; upon the death of any of the children of his son, said child's proportionate share of the corpus to be paid to the residuary legatees or their heirs. The residuary legatees are the six other children of testator, to each of whom he gave outright a one seventh share of his residuary estate. William, the life tenant, renounced all right and interest in the trust created under his father's will. The court decided that William's renunciation did not accelerate the remainders, since such acceleration is contrary to the express intention of testator.

A contrary result was reached in Loew's Estate, 291 Pa. 22, which was the case of an election of a widow against the will of her husband where decedent was survived by his widow and three children. In this situation, it was held that the widow's election to take against the will operated as an acceleration of the remainder with the same effect as her death; that the trust ceased, and the corpus became immediately distributable to each of the surviving three children. Both Chandlee Estate, 18 D. & C. 2d 783, and Kerr Estate 36 D. & C. 2d 200, 15 Fiduc. Rep. 241, upon which the accountant relies, refer to situations similar to Loews Estate, supra, and are not applicable to the trust being accounted for.

The general rules of acceleration are found in Re-

statement, Property, §231, §232, and §233. Section 233 is as follows:

"Section 233. *Renunciation—Acceleration Prevented While Succeeding Interest Continues Subject to Unfulfilled Condition Precedent.*

"When an attempted prior interest fails because it is renounced by the person to whom it is limited, a succeeding interest is not accelerated so long as a condition precedent to such succeeding interest continues unfulfilled.

"Comment: . . .

"d. *Description of persons to take in manner preventing present ascertainment.* When the terms and circumstances of the limitation manifest an intent of the testator that the persons to receive the succeeding interest must be those who comply with the given description at a date later than the moment at which the creating conveyance becomes operative then the condition precedent required for the operation of the rule stated in this Section exists. The intent thus significant includes what the testator manifestly would have intended if he had known of the partial ineffectiveness of his attempted disposition caused by the renunciation. When the stipulated duration of the attempted prior interest must elapse before a person can show himself qualified to take the succeeding interest, the requisite condition precedent exists. Thus if a life interest is limited to A with a direction that the subject matter of the gift shall then go to those of A's children who contribute equally to A's support throughout his life, and A renounces the life interest, the succeeding interest is a springing executory interest in favor of persons not ascertainable until A dies. . .

"Illustrations: . . .

"3. A, owning Blackacre in fee simple absolute, effectively devises Blackacre 'to B for life, thereafter to those children of B who survive him and

their heirs.' B has no children. B renounces the estate for life. In the absence of further facts, A has manifested an intent to give Blackacre to a group not ascertainable until B's death. B has children C and D. B dies. C and D have a possessory estate in fee simple absolute in Blackacre, without resort to a doctrine of acceleration".

The will of George Baer Hiester, in creating the trust for his daughter, Robin Hiester Najarian, for life, the principal thereof, upon her death, to be paid to her then living issue per stirpes, constitutes a class gift to the issue of said Robin Hiester Najarian.

"A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons": 4 Hunter, Legacies and Devises (2d ed.), §11(a); Billings's Estate (No. 1), 268 Pa. 67; Restatement, Property, §243 k, §279.

In the case of an immediate gift to a class, the rule of construction originating in Ringrose v. Bramham, 30 Eng. Rep. 177, resulted in the closing of the class membership at testator's death.

In Trattner Estate, 394 Pa. 133, Fiduciary Review, January, 1959, where the will provided for a legacy ". . . 'to any grandniece or nephew born after the execution of this Will' . . .", it was held that this will did not indicate an intention to include more than those born after the execution of the will but before the death. If the gift had been to a class of grandnieces and nephews after the expiration of a prior estate in another or an income interest in them, the rule of convenience would be applicable, and the members of the class would be ascertained at the termina-

tion of the prior estate or income interest: Earle Estate, 369 Pa. 52, annotated in 100 U. Pa. L. Rev. 908. See Restatement, Property, §294.

In Metzgar Estate, 395 Pa. 322, testator gave his estate to his wife for life and, after her death, ". . . 'to my Brothers and Sisters then living share and share alike' ". It was held that this is clearly a class gift, and that the language of the will leads to the conclusion that when testator used the phrase "then living", he fixed the event upon which membership in the class would be ascertained, namely, the death of the wife life tenant.

George Baer Hiester did not give his daughter the authority to terminate the trust he created for her and her children. He gave her no power to prefer any of her children over any others. He declared categorically that upon her death, the corpus of the trust is to be distributed to her then living issue per stirpes. The intention of decedent is clear and must be complied with.

Considering all of the aforesaid principles and rules of construction, and the manifest intention of testator as found in his will, we conclude that the renunciation of Robin Hiester Najarian of her interest in this trust does not operate as an acceleration of the remainder interests, but that, in accordance with the expressed intention of testator, the trust continues for her children born during her lifetime; that the class does not close until the time of her death, but will open to let in any children born after the date of her renunciation and prior to her death.

Philip F. Schmehl, Esquire, trustee and guardian ad litem, has filed a complete and comprehensive report on behalf of any unborn issue of Robin Hiester Najarian and agrees with our disposition of this trust. His report has been of great help to us in the determination of the questions before us. We fix the

compensation of said trustee and guardian ad litem at $350 and direct that the Reading Trust Company, the accountant, pay to him said sum out of the income of the trust.

The corpus of the trust, consisting of stocks, bonds, and cash, is awarded to the accountant in trust, in accordance with the provisions and directions set forth in this adjudication. Distribution of the income, after the payment of costs as hereinafter awarded to the clerk of the orphans' court, and compensation of the trustee and guardian ad litem, is awarded in equal shares to the five children of Robin Hiester Najarian; said children being minors, distribution is being awarded to their trustee, the Reading Trust Company, in accordance with provisions of the will of George Baer Hiester.