## Kabonick Estate

*Robert V. Moser*, for petitioner.
*Peter Krehel*, for respondent.

MOSER, J., June 21, 1966.—Decedent, Fred F. Kabonick, Sr., died October 27, 1959, leaving a will dated April 19, 1956, which was probated November 5, 1959, before the Register of Wills of Northumberland County, in whose office it remains of record in will book 34, page 360. Letters testamentary were issued by the register on November 5, 1959, to Edward Kabonick, the executor named in the will.

In the first five paragraphs of his will, testator directs payment of debts and expenses and makes bequests of cash and jewelry to certain of his children. We are here concerned with the sixth and seventh paragraphs, which provide:

"6. I give, devise and bequeath all the rest, residue and remainder of my property, whether real, personal or mixed, unto my five (5) children, namely, Edward Kabonick, Caroline Kabonick Oross, Robert Kabonick, Betty Kabonick and Richard Kabonick, share and share alike, to them, their heirs and assigns, forever absolutely. Provided, however, that the real estate known as No. 821 West Mulberry Street, Coal Township, Pennsylvania, shall not be sold until the youngest of my five children reaches the age of twenty-one years. It is further provided that those children living in the property are to be responsible for the upkeep, including ordinary repairs and the fire insurance on the property, and also the taxes on the property. My son, Robert Kabonick, shall have the right to live in the

said home during his lifetime, or as long as he desires to live there, and to use the household furniture and equipment as therein contained. Provided that while he is living there alone, he shall pay the taxes on the property as well as the upkeep, repair, fire insurance, and keeping the property in the same state of repair as at present. Any unpaid taxes or maintenance and repair items not taken care of by said Robert Kabonick while he is using the property himself, will be deducted from his proportionate share as hereinabove set forth.

"7. I hereby authorize, empower and direct the executor hereinafter named, for the payment of debts or for any purpose of administration or distribution, to sell all or any of my real estate at public or private sale, at the time and for the price agreed to by a majority of the said five above named children named in paragraph 6, who are then living, by their consent given in writing to the executor, and for said executor to execute deeds of conveyance thereof; subject to the provisions as set forth in paragraph 6 hereinabove set forth".

On his death, decedent was the owner of lot numbered six in block numbered six in Coal Township, Northumberland County, on the southern portion of which was erected a dwelling known as 821 West Mulberry Street, and on the northern portion of which was erected a dwelling municipally numbered 822 Holly Street.

Prior to his death, decedent converted the Holly Street property into a dwelling by remodeling a barn on the premises, but the building was unoccupied after 1956. On July 15, 1965, following the death of decedent, four of the children of decedent, including the executor but excluding Robert Kabonick, executed a deed to convey the northern 75 feet of the premises, including the dwelling at 822 Holly Street, to Michael Vesneskie.

Decedent moved into the dwelling at 821 West Mul-

berry Street in 1938, and occupied it with various members of his family until his death in 1959. After that time, two sons, Robert Kabonick and Richard Kabonick, together with their maternal uncle, Levi Wetzel, lived in the home. Richard Kabonick left this home in February, 1964, following his marriage; and the uncle, Levi Wetzel, moved from the property during the first week of November in 1964. At the end of November, 1964, the executor, accompanied by a police officer, entered the property and took possession of it.

On January 31, 1966, Edward F. Kabonick, as executor under the will of Frederick F. Kabonick, Sr., filed a petition setting forth that all the devisees except Robert Kabonick have executed a deed to convey 821 West Mulberry Street to James E. Koyack and wife, but that Robert Kabonick refused to join in the conveyance, claiming the right to live in the property by the terms of the will. The prayer of the petition asks the court to construe the will and issue a declaratory judgment as to the title to the real estate. An answer was filed by Robert Kabonick denying the essential averments of the petition.

A hearing was held before this court on March 18, 1966, at which four of the five residuary beneficiaries, being Edward F. Kabonick, who is also executor-petitioner, Richard Kabonick, Betty Kabonick Meiser and Caroline Kabonick Oross, testified that the taxes and fire insurance were not paid in full by Robert Kabonick, and that the real estate was not kept up and maintained in the same state of repair as it was during the lifetime of decedent. These witnesses, and also the two prospective purchasers of the real estate, Michael Vesneskie and James E. Koyack, told of their visits to the property in November of 1964, and subsequently, and seeing the plaster cracked and hanging on walls and ceiling or lying on the floor; dirt, trash, debris and junk of many kinds spread throughout the house; a broken

chimney; a broken water line; a leaking roof; broken, marred and burned furniture; soiled mattresses and bedding; uncut grass and vines in the yard; the need for paint on fences and dwellings; and falling and rotted rainspouting.

On his own behalf, Robert Kabonick stated that he paid most of the taxes and insurance and claimed the right under the will to live in the property. He admitted he had been absent much of the time during November of 1964, and was boarding and rooming in Gowen City in a house he helped to purchase. In his testimony, Robert Kabonick did not deny that the property was in a bad state of repair.

In this will, the residuary estate, including the real property, is given in paragraph six to the five children of decedent, share and share alike, forever and absolutely, and decedent then provided: "My son, Robert Kabonick, shall have the right to live in the said home during his lifetime, or as long as he desires to live there. ... Provided that while he is living there alone, he shall pay the taxes on the property as well as the upkeep, repair, fire insurance, and keeping the property in the same state of repair as at present".

The will of testator is written in technical, legal language, and gave, devised and bequeathed the residuary estate to the five children forever, absolutely. The direction that Robert is to have certain use of the real estate is merely a provision that he "shall have the right to live in the said home during his lifetime, or as long as he desires to live there", which is the grant of a privilege to occupy the property as a home, nothing more. The property was to be available to him so long, but only so long, as he might desire to make it his home, and comply with the conditions of paying taxes and insurance, and keeping in repair: Baldesberger v. Baldesberger, 378 Pa. 113, 105 A. 2d 713; Spencer Estate, 30 D. & C. 2d 68. The very fact that the will says he

would have the property "as long as he desires to live there" and keep said premises in repair and pay the taxes and insurance on the same shows as clearly as language can make it that testator intended to limit Robert's enjoyment of the property. Once he moved off the premises, he was to lose every proprietary right. The language clearly manifests an intent to give to Robert the personal use of the property: Bowman v. Brown, 394 Pa. 647, 149 A. 2d 56. It is our opinion that the interest of Robert was merely an incorporeal right or privilege, and it does not appear that Robert claims anything more than such a limited interest: Calhoun v. Jester, 11 Pa. 474; Davis Estate, 22 D. & C. 2d 755.

It was clearly testator's intention that the residuary beneficiaries should succeed to the complete ownership of the property in subordination only to one other intention, namely, that the property was to be available to Robert so long, but only so long, as he might desire to make it his home, and pay the taxes, insurance and repairs. Certainly, he did not intend that the property should be used only as a "legal residence" with limited occupancy, and be allowed to deteriorate and not kept up during that time.

We are of the opinion that the interest given to Robert Kabonick in testator's will was merely that of a privilege to occupy the property as a home on condition of paying taxes, insurance and keeping it in repair. Therefore, it was a right or privilege that could be abandoned, and the facts presented in this case establish that it was in fact abandoned by Robert Kabonick through his failure to pay all the insurance, and all the taxes, and keep the real estate in a proper state of repair. By reason of such an abandonment, the devise to the remaindermen was accelerated, and they are the present owners in fee simple of the property in question, and there is no other valid outstanding title: Rice Estate, 37 Northumb. 11.

## DECREE

And now, June 21, 1966, it is declared that Robert Kabonick has no right, title or interest in the real estate of testator, except as remainderman. It is further declared that Edward Kabonick, Caroline Kabonick Oross, Robert Kabonick, Betty Kabonick (now Meiser) and Richard Kabonick, the remaindermen named in the will of testator, are the present owners in fee simple of the premises, and judgment is here entered in their favor, with authority to Edward Kabonick, as executor, to make, execute and deliver a deed for the said premises in accordance with the authority given in paragraph seven of the will. Appropriate exceptions are noted for the parties in interest.